THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DALE DANIELS (Impleaded), Defendant-Appellant.
First District (1st Division)    No. 76-1576

Opinion filed August 8, 1977.

Marshall Weinberg, of Reilley, Bell & Weinberg, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Mary Ellen Cagney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:
Dale Daniels, defendant, was indicted with William Hunter and Eddie

Berry for the offense of burglary. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1.) Defendant was tried with William Hunter at a bench trial and found guilty as charged, and he was sentenced to a term of five years probation. Defendant alone prosecutes this appeal, contending (1) he was not proved guilty beyond a reasonable doubt; and (2) the trial court improperly entered a finding of guilty before hearing closing arguments in the matter.

The complainant testified that she resided on the fourth floor of a multi-unit apartment building on South Shore Drive in Chicago. On April 1, 1974, she left her apartment about 9 a.m.; and upon her return about 5:45 p.m., she noticed that someone had tampered with her apartment door. Inside the apartment she observed open cabinets and closet doors, a suitcase was laying open on the bed, and her wristwatch and piggy banks were missing; she later identified those articles in the possession of the police. The complainant said she did not give defendant or Hunter permission to enter her apartment that day.

The apartment building engineer testified that he left his first floor apartment about 4:10 p.m. and walked toward a stairwell door leading to the building lobby. He observed two men at this door, one of whom was carrying a piggy bank and holding open the door for the second man, who in turn was carrying a large television set. The witness on direct examination identified these two men as defendant and Hunter. He stated he asked the men their purpose in the building, at which point they dropped what they were carrying and "took off" to a car waiting in the building parking area, six to eight feet from the stairwell door. The witness immediately followed them out the door and observed a third man seated in the driver's seat of the car. The witness corrected his earlier in-court identification of the three men at trial, saying that defendant occupied the driver's seat of the car, and related that he had observed defendant's face as the latter turned to see if his companions had entered the vehicle. The witness said that as the first two men entered the car, it was quickly driven off by defendant as though defendant was unwilling to wait for his two companions to enter. The building engineer further testified that he wrote the vehicle's description and license number on a nearby pillar, called to his wife to notify the police, and hurried to the street to see in which direction the suspects' car was headed. He testified that the police arrived shortly, at which time he gave them a general description of the vehicle and the suspects, and indicated the direction in which the car left the area. The witness thereafter determined that the apartment in question and another apartment in the building had been broken into. And some 15 to 30 minutes following this incident the witness identified the defendant and his companions at the police station.

A Chicago police officer testified that he received a general description

of the suspects and their car from the building engineer and then proceeded to a hotel. There he observed the car and the suspects; defendant was in the driver's seat and the other two men were exiting the vehicle from the passenger side. After the three men were placed under arrest, a search of the car disclosed two flat-head screwdrivers and a pair of pliers on the passenger side of the car dashboard.

At the conclusion of the State's case, the trial court asked each counsel, for defendant and Hunter, whether they would present evidence, but these counsel both rested without presentation of evidence. The court thereupon entered a finding of guilty, but, after a request by defendant's counsel, allowed closing arguments by each counsel. At the conclusion of these arguments during which the trial court expressly noted that defendant was guilty on the basis of circumstantial evidence and accountability, the court restated its earlier finding of guilty and imposed a term of five years probation upon defendant.

Section 5—2(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 5—2(c)) provides that a person is legally accountable for the criminal conduct of another when, either before or during the commission of the offense, and with the intent to promote or facilitate its commission, he solicits, aids, abets, agrees or attempts to aid such other person in the planning or commission of the offense. Proof of such purpose or design need not be proven by direct evidence, but may be shown by circumstantial evidence. *People v. Tate* (1976), 63 Ill. 2d 105, 345 N.E.2d 480.

■■ The instant record conclusively demonstrates that defendant was aware of his companions' purpose inside the building and that he participated therein. He was seated in the driver's seat of the getaway car which was located a few feet from the area where his companions attempted to exit the building with stolen property; he observed his companions as they quickly entered the car in flight from the building engineer; and he drove off from the scene with such haste as to indicate that he was willing to leave before his companions entered the vehicle. Moreover, when apprehended by the police, defendant still occupied the driver's seat of the car, and tools capable of use in a burglary were found on the dashboard of the vehicle. Defendant was proved guilty beyond a reasonable doubt by substantial evidence of the offense of burglary under the theory of accountability.

■■ Defendant also contends that the trial court improperly entered a finding of guilty before hearing closing arguments in the matter.

In support of its theory that his contention is without merit, the State cites the case of *People v. Wesley* (1964), 30 Ill. 2d 131, 195 N.E.2d 708, which held that a trial court in a criminal bench trial has the discretion to deny closing argument to defense counsel where proof of guilt is clear

and overwhelming. See also *People v. Kohl* (1974), 22 Ill. App. 3d 388, 317 N.E.2d 128 (abstract), which relies upon the *Wesley* case.

However, the holding in *Wesley* would appear to be modified by the case of *Herring v. New York* (1975), 422 U.S. 853, 45 L. Ed. 2d 593, 95 S. Ct. 2550, which has not been cited by either side to this case. There, the United States Supreme Court overturned a New York statute which allowed a trial judge in a nonjury criminal case to deny defense counsel any opportunity for summation before entry of the judgment. The United States Supreme Court held it was constitutionally impermissible for a State to deny, absolutely, any opportunity for a defense summation. The court was there especially concerned with the circumstances involving defense counsel's denied request to be allowed summation before judgment, the two-day weekend lapse in the proceedings wherein the State had rested its case on the Friday before the weekend period, and the conflicts in the extensive evidence adduced by both sides and on cross-examination which could have been brought to the trial court's attention.

In the instant matter, however, we find no violation of the principle set forth in the *Herring* case. Here, trial of the matter was concluded on two consecutive mornings, which involved presentation of evidence solely by the State. As soon as defense counsel both advised the trial court that they wished also to rest their cases upon conclusion of the State's case, the court entered the finding complained of. But, at the request of defendant's counsel the trial court immediately and without question permitted summation by both defense counsel. Finally, the fact that the court did not expressly withdraw its finding of guilty prior to closing arguments is rendered immaterial by the court's restatement of the finding upon entry of judgment following the summation arguments by counsel. Defendant was clearly not prejudiced by the trial court's finding of guilty prior to closing arguments under these circumstances.

We conclude that no reversible error exists in this record. For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.