THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARLAND DRUMMOND, Defendant-Appellant.

First District (1st Division)    No. 80-0971

Opinion filed December 28, 1981.

Daniel D. Yuhas and James K. Zerkle, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Edward F. Cozzi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Marland Drummond was indicted for rape, deviate sexual assault (oral copulation), deviate sexual assault (anal intercourse), armed robbery, aggravated kidnapping based upon rape, aggravated kidnapping based upon deviate sexual assault and aggravated kidnapping based upon armed robbery. After a jury trial, defendant was found guilty of aggravated kidnapping and deviate sexual assault and sentenced to concurrent 10 year terms. On appeal, defendant contends that the trial court erred (1) in admitting in evidence photographs of defendant's van taken by evidence technicians and the testimony of a police investigator regarding the interior of the van because the entry and subsequent taking of the photographs constituted an unconstitutional search of the van and (2) in sentencing defendant for both aggravated kidnapping and deviate sexual assault.

The facts need only be stated briefly: On November 19, 1977, while complainant waited at a bus stop, she was approached by defendant. Defendant, who was holding a gun, pushed complainant into his van, drove the van a distance and stopped. Defendant climbed into the back of the van with complainant and took off complainant's clothes. When

defendant first came up to complainant in the street he was wearing a dark colored baseball cap that had a white insignia with words on it. He did not have the cap on while he was inside the van. Complainant testified that defendant forced complainant to have sexual intercourse, oral sex and anal intercourse. He also forced her to masturbate with a bottle. At times during the incident defendant struck her with his hands and at one point he struck her on the buttocks about 20 times with an article made out of leather. Defendant then pushed her out of the van and drove away. Complainant observed that the van's license plate number was 9281 RV.

Complainant stopped a police car and told the police that a man had raped her and that his vehicle license plate number was 9281 RV. Other officers arrived and drove her to St. Mary of Nazareth Hospital. Later that day, complainant was called to the police station and picked defendant out of a lineup. Complainant also identified photographs of the interior of the van and items in the van.

At the hearing on defendant's motion to suppress evidence seized after a search of defendant's van, Investigators Robert Wasmund and James Griffin testified that they talked with complainant about the incident. They went to defendant's home after they secured a computer printout of the license plate number supplied by complainant. Defendant's van was parked in the alley behind his home. They rang defendant's doorbell and defendant admitted them. When the police entered his apartment, defendant was wearing a baseball cap with a white Illinois Bell insignia on it. They identified themselves and Griffin read the *Miranda* warning to defendant and defendant said he understood his rights. Griffin told defendant they were going to take him to Area Four Homicide and place him in a lineup. Wasmund testified that defendant was worried about how he was going to get back home, so the investigators told him he could drive the van to the station. Wasmund rode with him because defendant was in custody. Griffin followed in the squad car. Wasmund observed the interior of the van during the course of the ride and found it to look the same as it was described by complainant. Wasmund and Griffin acknowledged that they did not have a warrant at the time they went to defendant's residence.

Once at the police station, the van was parked in the police station lot and Wasmund and Griffin re-entered the vehicle, using keys they obtained from defendant. Evidence technicians took photographs of the interior of the van. Neither the two investigators nor the evidence technicians had warrants either to enter the vehicle or to take photographs.

Defendant testified that Investigators Griffin and Wasmund came to his residence on November 20, 1977. He was not wearing a cap when he answered the door. The officers did not inform him of his rights. He told the officers that he was with his brother and his brother's girlfriend the

previous day. The officers asked him to come to the station and they told him to drive the van. He was placed in a lineup. The officers told him that a young lady had a complaint against him for rape. The officers did not show him a warrant when they arrived.

Defendant further testified that the officers placed him under arrest in his apartment and instructed him to drive the van to the police station. After they arrived at the station, the officers demanded the keys to the van and defendant complied with their order. He never gave the officers permission to enter his van.

The trial court denied the motion to suppress the evidence regarding the van and its contents.

At trial, Wasmund testified about what he saw inside the van. Griffin, Wasmund and complainant all identified photographs of the van, its interior and certain items in the van.

Defendant was found guilty of aggravated kidnapping based on deviate sexual assault and deviate sexual assault (anal intercourse), acquitted on the remaining counts and sentenced to concurrent 10 year terms.

Defendant's first contention is that the trial court erred in admitting into evidence both Investigator Wasmund's testimony regarding the interior of the van and certain photographs, taken by evidence technicians, of defendant's van, its interior and certain items in the van, for the reason that the entry and subsequent taking of the photographs constituted an unconstitutional search of the van. He argues that the search of his van cannot be justified on any of the following exceptions to the warrant requirement: (1) consent; (2) search warrant; (3) plain view doctrine; or (4) inventory search.

The State, however, does not rely on any of these exceptions to justify the search. Instead, the State relies upon section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 36—1), which provides that a vehicle used with knowledge and consent of the owner in the commission of certain specified offenses, including aggravated kidnapping, is subject to seizure. A vehicle seized pursuant to section 36—1 must be "delivered forthwith to the sheriff of the county of seizure." The sheriff then would be obliged to notify the State's Attorney of the county of seizure of the seizure within 15 days. Upon such notice, the State's Attorney would investigate the facts and then either return the vehicle or file a forfeiture action for seizure and confiscation of the vehicle. Ill. Rev. Stat. 1979, ch. 38, par. 36—2; *Crosby v. City of Chicago* (1973), 11 Ill. App. 3d 625, 298 N.E.2d 719.

■■ We find that the State's reliance upon section 36—1 to uphold the propriety of the search in this case is misplaced. The fact that a vehicle may be subject to seizure under section 36—1 does not cause the loss of a

person's fourth amendment right to be free from unreasonable searches and seizures.

However, we find that the warrantless search of defendant's van was proper because the police had probable cause to believe that the car was an instrument of, or contained evidence of, the crime being investigated. *People v. Peter* (1973), 55 Ill. 2d 443, 303 N.E.2d 398, *cert. denied* (1974), 417 U.S. 920, 41 L. Ed. 2d 225, 94 S. Ct. 2627; *People v. Walls* (1980), 87 Ill. App. 3d 256, 408 N.E.2d 1056; *People v. Fletcher* (1978), 66 Ill. App. 3d 502, 383 N.E.2d 1285; see *Texas v. White* (1975), 423 U.S. 67, 46 L. Ed. 2d 209, 96 S. Ct. 304.

■■ The victim here was abducted at gunpoint and transported in defendant's van to a location where she was attacked. After she was thrown from the van, she hailed a police car and informed the police officers that she had been raped. She supplied them with the license plate number of defendant's vehicle and a description of the vehicle. The police traced the license plate number and found that the vehicle was registered to defendant. The police proceeded to defendant's address and found defendant's van parked in the alley behind his house. The police looked through the windshield and observed that the interior of the van matched the description given by the victim. The police then arrested defendant inside his home. Defendant was allowed to drive his van to the police station while accompanied by one of the investigators. Because police knew that the van was the site of the attack and that the attack had occurred only hours beforehand, they could logically infer that evidence of the crime would still be in the van. We find that the police had probable cause to search the van and were not required to obtain a warrant prior to the search even though defendant was in custody and the car was in the police lot. (*Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975; *People v. Walls*.) The trial court did not err in admitting either Investigator Wasmund's testimony or the photographs taken by the evidence technicians.

The essence of defendant's final argument is that deviate sexual assault is a lesser included offense of aggravated kidnapping based on deviate sexual assault and, therefore, the trial court erred in imposing sentence on both aggravated kidnapping and deviate sexual assault.

Defendant was charged with two counts of deviate sexual assault, one based on an act of oral copulation and the other based on an act of anal intercourse. However, defendant was convicted only of the deviate sexual assault based on the act of anal intercourse. He was also convicted of aggravated kidnapping based upon deviate sexual assault.

■■ In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, our supreme court affirmed convictions for rape and burglary and held "that when more

than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (66 Ill. 2d 551, 566.) Deviate sexual assault is not a lesser included offense of aggravated kidnapping. (*People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322.) Here, the offenses of aggravated kidnapping and deviate sexual assault arose from a series of incidental or closely related acts and the offenses are not lesser included offenses of each other. Consequently, the convictions for aggravated kidnapping and deviate sexual assault were proper. *People v. Carroll* (1977), 49 Ill. App. 3d 387, 364 N.E.2d 408.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and McGLOON, JJ., concur.