THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEON ALLEN GULLY, Defendant-Appellant.

Fifth District   No. 5—85—0661

Opinion filed December 17, 1986.

Daniel M. Kirwan and Patricia M. Sarter, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Wendy B. Porter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Leon Gully, was convicted by a jury of aggravated kidnaping, armed robbery, and aggravated criminal sexual assault and was sentenced to concurrent terms of 25 years for the aggravated

criminal sexual assault, 20 years for the armed robbery, and 10 years for the aggravated kidnaping. Defendant appeals. We affirm:

On December 14, 1984, at approximately 12:30 a.m., the victim finished work for the evening at The National Stockyards Inn and began her trip home via Route 3. At the stop sign at Eagle Park Road and Route 3, she pulled up behind another car. When the car in front of her did not proceed through the intersection, the victim began to back up to pull around. The car in front, however, backed up into her car. The driver of the front car approached the victim and apologized for backing into her car. As she tried to leave the scene, two male passengers from the front car pulled a gun on her and forced her to unlock her car doors. They entered her car and shoved her head down. One of the two men removed her jewelry while the other man turned her car around and started driving back toward East St. Louis on Route 3. The victim was driven to a vacant, dead-end street. At this point, the driver of the front car pulled up, told the two men he did not want any part of what they were going to do, and left. The two men then ordered the victim to get into the backseat and remove her clothes. One of the men had intercourse with the victim while the other made her engage in oral sex. After the first man left the car, the second man then had intercourse with the victim. The first man reopened the car door and asked "Jules or Julian" to give him his pants. The second man told "Leon" to shut the door and threw him his pants. During this exchange, the victim was able to see "Leon's" face at the door because of the car dome light. The victim was then allowed to dress and get out of the car and help search for the car keys. She found the keys and handed them to "Leon." At this point, she again saw his face. She was then ordered to walk toward some woods at the end of the street. Once in the woods, the victim ran to the interstate where she was picked up and taken to the police department and hospital.

Later that day, the East St. Louis police department received a phone call from someone claiming "they had knowledge of the perpetrators of this crime." The police were able to identify the caller, and after interviewing him, assembled a photographic array for the victim to view. She chose defendant's photo as depicting one of the men who attacked her, the one she identified as "Leon."

■ Defendant first argues on appeal his conviction for aggravated criminal sexual assault must be vacated because the criminal-sexual-assault statute (Ill. Rev. Stat. 1985, ch. 38, par. 12—13) is unconstitutionally vague and void. Defendant believes the statute defines as unlawful "what persons of ordinary intelligence would con-

sider constitutionally protected conduct." Specifically, defendant contends the terms "force or threat of force" are too vague for application.

We need not address defendant's contentions in this instance. Defendant did not raise the issue of the constitutionality of the criminal-sexual-assault statute before the trial court and therefore has waived the issue for purposes of appeal. See, *e.g., People v. Coleman* (1983), 120 Ill. App. 3d 851, 853, 459 N.E.2d 5, 6; *People v. Koppen* (1975), 29 Ill. App. 3d 29, 31-32, 329 N.E.2d 421, 423. See also *People v. Myers* (1981), 85 Ill. 2d 281, 290-91, 426 N.E.2d 535, 539.

In addition, defendant lacks standing to challenge the constitutionality of the criminal-sexual-assault statute. A person to whom a statute may constitutionally be applied cannot challenge that same statute on the ground that it could in another context be applied unconstitutionally to another party. (*People v. Holder* (1983), 96 Ill. 2d 444, 449, 451 N.E.2d 831, 833, *cert. denied* (1984), 467 U.S. 1241, 82 L. Ed. 2d 820, 104 S. Ct. 3511; *People v. Lenhart* (1980), 90 Ill. App. 3d 502, 504-05, 413 N.E.2d 220, 222.) There is no question that defendant's conduct on the early morning of December 14, 1984, fell within the proper scope of the criminal-sexual-assault statute. Borderline cases in which a degree of uncertainty exists as to the applicability of a statute do not render the statute unconstitutional as to conduct about which no uncertainty exists. (*People v. Vandiver* (1971), 51 Ill. 2d 525, 530, 283 N.E.2d 681, 684; *People v. Lewis* (1979), 73 Ill. App. 3d 361, 363, 386 N.E.2d 910, 913.) Moreover, statutes in general enjoy a presumption of constitutionality (*People v. Schwartz* (1976), 64 Ill. 2d 275, 281, 356 N.E.2d 8, 10, *cert. denied* (1977), 429 U.S. 1098, 51 L. Ed. 2d 545, 97 S. Ct. 1116) and should be interpreted so as to avoid those constructions which raise doubts as to their validity (*People v. Davis* (1982), 93 Ill. 2d 155, 161, 442 N.E.2d 855, 858). (See also *People v. Dednam* (1973), 55 Ill. 2d 565, 569-70, 304 N.E.2d 627, 630.) Defendant's first point is denied.

■■ Defendant next argues he was denied his sixth amendment rights to confront witnesses against him by the introduction of certain hearsay statements identifying him as one of the men who assaulted the victim. At trial, two officers testified concerning the "anonymous" telephone call the East St. Louis police department received implicating defendant in the attack. The "anonymous" caller, although later identified, did not testify at defendant's trial. Defendant, therefore, argues he had no opportunity to cross-examine the caller and the testimony pertaining to the caller's out-of-court statements was hearsay, serving as a substitute for an in-court identification. Defendant

concludes this, in turn, constitutes reversible error. (See *People v. Riley* (1978), 63 Ill. App. 3d 176, 182-83, 379 N.E.2d 746, 751; *People v. Bolden* (1978), 59 Ill. App. 3d 441, 455, 375 N.E.2d 898, 908.) We disagree with defendant's characterization of the officers' testimony.

We initially note defendant has also waived any error with respect to the officers' testimony by failing to object at trial or raising the issue in his post-trial motion. (See, *e.g., People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856, 857.) Even when a defendant does object to certain testimony on direct examination but then questions the witness on cross-examination concerning the allegedly inadmissible testimony, as occurred here, again any error is waived for purposes of appeal. *People v. Bost* (1980), 80 Ill. App. 3d 933, 951-52, 400 N.E.2d 734, 748.

More importantly, however, the testimony of the two officers was not hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein and dependent for its value on the credibility of the out-of-court declarant. (*People v. Hunter* (1984), 124 Ill. App. 3d 516, 528, 464 N.E.2d 659, 671.) When that testimony is offered, not for the truth thereof, but for the limited purpose of explaining the reason the police conducted their investigation as they did, the testimony is not hearsay. (124 Ill. App. 3d 516, 529, 464 N.E.2d 659, 671.) Here, the officers' testimony was offered to explain why defendant's picture was included in the array of photographs shown to the victim and why the police attempted to locate defendant. The testimony was not elicited to prove the guilt of defendant. As a result, the testimony was admissible even though the jury could reasonably infer therefrom that the caller implicated defendant. See, *e.g., People v. Hunter* (1984), 124 Ill. App. 3d 516, 530, 464 N.E.2d 659, 671; *People v. Romo* (1980), 85 Ill. App. 3d 886, 897, 407 N.E.2d 661, 670. See also *People v. Langdon* (1980), 91 Ill. App. 3d 1050, 1055, 415 N.E.2d 578, 583; *People v. Sanders* (1976), 37 Ill. App. 3d 236, 239, 345 N.E.2d 757, 759.

Assuming *arguendo* the testimony was hearsay (*cf. People v. Parrott* (1976), 40 Ill. App. 3d 328, 330-31, 352 N.E.2d 299, 302), its admission was harmless error. Not only was the testimony cumulative, it was also supported by a positive identification and other corroborative circumstances. See *People v. Riley* (1978), 63 Ill. App. 3d 176, 181, 379 N.E.2d 746, 750. See also *People v. Hunter* (1984), 124 Ill. App. 3d 516, 541, 464 N.E.2d 659, 679.

In his final point on appeal, defendant argues his conviction for aggravated kidnaping must be reversed because the asportation of the victim was merely incidental to the commission of the armed rob-

bery and criminal sexual assault. Defendant's contention has no merit.

We begin our analysis with the principle that when more than one offense arises from a series of closely related acts and the offenses are not by definition lesser included offenses, multiple convictions with concurrent sentences can be entered. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Young* (1983), 115 Ill. App. 3d 455, 468-69, 450 N.E.2d 947, 958.) Act, used in this sense, means any overt or outward manifestation which will support a different offense. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. See also *People v. Myers* (1981), 85 Ill. 2d 281, 287-88, 426 N.E.2d 535, 538.) We find defendant's acts in this instance support the separate offense of aggravated kidnaping.

■■ ■ Four factors to be considered in determining when an act of detention or asportation rises to the level of kidnaping as a separate offense are: (1) the duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. (*People v. Smith* (1980), 91 Ill. App. 3d 523, 529, 414 N.E.2d 1117, 1122.) Here, the detention and asportation lasted approximately 45 minutes. The duration of the detention and asportation was not merely for the period of time necessary to accomplish the sexual assault and robbery. The victim was robbed almost immediately and then transported to another location where the sexual assault occurred. Both the robbery and the assault could have been accomplished at the place where the victim was initially stopped in a relatively short period of time. The detention and asportation were not inherent to either offense in this instance. In addition, the detention and asportation created a significant danger to the victim independent of that posed by the criminal sexual assault and robbery. The victim was taken to a vacant, dead-end road near a wooded area. The likelihood of her being discovered if injured was greatly diminished, and the likelihood of her being murdered or injured in some other fashion greatly increased. Even the time taken to transport her to another location increased the likelihood of her being injured. Clearly, the aggravated kidnaping was not merely incidental to the armed robbery and aggravated criminal sexual assault. Rather, it was a separate offense. (Compare *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133, and *People v. Drummond* (1981), 103

Ill. App. 3d 621, 431 N.E.2d 1089, with *People v. Young* (1983), 115 Ill. App. 3d 455, 450 N.E.2d 947.) Point denied.

For the reasons stated above, we affirm the judgment of the circuit court of St. Clair County convicting defendant of aggravated criminal sexual assault, armed robbery, and aggravated kidnaping.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.