THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DENNIS RILEY, Defendant-Appellant.

First District (3rd Division)   No. 1—87—0716

Opinion filed September 11, 1991.

Randolph N. Stone, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and James Brown, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant, Dennis Riley, was convicted of aggravated criminal sexual assault, criminal sexual assault, and kidnapping. Defendant was sentenced to a single term of nine years' imprisonment.

On appeal, defendant contends that (1) the convictions for kidnapping were erroneous because the asportation of the victim in connection with intended sexual assault did not constitute kidnapping and the finding of guilty of kidnapping is legally inconsistent with the finding of not guilty of aggravated kidnapping; (2) the evidence was insufficient to establish proof beyond a reasonable doubt for conviction of the offenses of aggravated criminal sexual assault and kidnapping; (3) the aggravated criminal sexual assault convictions should be reduced to criminal sexual assault because the aggravating factors, i.e., kidnapping and being armed with a gun, were implicitly eliminated by other findings of the trial court; (4) the convictions on multiple counts of sexual assault are improper under the one-act-one-crime rule; (5) the absence of closing arguments was reversible error; and (6) the nine-year sentence is excessive.

We vacate the conviction for criminal sexual assault and the convictions for aggravated criminal sexual assault which were predicated on armed robbery and robbery. We affirm the convictions for kidnapping, two convictions for aggravated criminal sexual assault, and the nine-year sentence.

At trial the 15-year-old victim testified that at approximately 11 p.m. (the victim was not wearing a watch) on December 22, 1985, she decided to walk from a bus stop at 63rd Street and Halsted to her home, which was about three or four blocks away. As she was walking, the victim observed defendant approach her from the rear of a restaurant. As she moved into the street and started to run, defendant grabbed her around the neck and threatened her with a gun.

Defendant then forced the victim to accompany him from the street through a gangway, down an alley, and to a back porch area about a block away. The victim further testified that defendant took her earmuffs from her coat pocket and asked her for money but she had none.

When they reached the back porch, defendant ordered the victim at gunpoint to remove her coat, boots and pants. After the victim undressed, she told defendant that she was cold. Defendant, while still holding a gun, then ordered the victim to walk across the street in the snow and forced her into a van.

After they were inside the van, defendant made the victim lie down on a small folding bed, removed the rest of her clothes, set down the gun beside him, and placed his penis inside her mouth. After engaging in oral sex, defendant engaged in vaginal intercourse with the victim. The victim testified that she was frightened and asked defendant whether he intended to kill her. Defendant told the victim that he would not kill her as long as she did what he told her to do.

Defendant steadily spoke to her for about two hours. Thereafter she told defendant that she had to go home and she was cold in the unheated van. Defendant replied that she should stay the rest of the night because it was almost daylight and they would move from the van into his house. Defendant retrieved the victim's clothes which he had left outside the van and the victim dressed.

Defendant, with gun in hand, required that she exit the van and walk to the back of the house next to the van. Defendant then ordered her to stand with her face against a wall while he opened a basement door to the house. The victim did not move because she thought he was watching her to see if she would attempt to leave. Next she heard the back door of the house being opened. Defendant grabbed her and began pulling her inside the house when she heard a noise which sounded as if someone else was descending the stairs. Defendant then pushed her outside the door and told her to wait. She then ran to her home about two blocks away.

When she arrived home, the victim told her mother and older brother that she had been raped. Shortly thereafter the victim and her family reported the incident to the police.

Police Officer Timothy Koren testified that at approximately 5 a.m. on December 23, 1985, he and his partners responded to the call involving the victim. After recounting the events of the evening, the victim directed the police to the van and defendant's house, where defendant was found and identified. In a search of the house, the po-

lice found defendant's clothing which matched the description given by the victim. The police also searched all areas where the events took place but found neither a gun nor the victim's earmuffs.

Detective Richard Bedran testified that after arrest, defendant initially denied ever seeing the victim. In a second interview, defendant stated that he had met the victim on 63rd Street at approximately 3 a.m. and she wanted to turn a "trick" for $50. After agreeing to her proposition, defendant and the victim went to the van, she undressed, but due to the cold, they went to his house and he left the victim standing at the back door while he entered through the front door in order to unlock the back door. Defendant stated that once he was inside the house, he decided to leave the victim outside because he did not have $50.

The State also presented, by stipulation between the parties, the results of the victim's medical examination. The victim had an abrasion on her right cheek. A vaginal smear taken from the victim tested positive for sperm and the underpants worn by the victim also revealed the presence of semen.

Defendant's case consisted of one stipulation between the parties. The parties agreed that the pelvic examination of the victim revealed no evidence of trauma and that the cervix was closed with no apparent semen in the vaginal vault.

From a 22-count indictment, defendant was convicted of the following 13 offenses: aggravated criminal sexual assault, for oral sodomy and vaginal penetration, predicated on the display of a dangerous weapon (counts I and II), threatening a life by the display of a gun (counts III and IV), robbery (counts V and VI), armed robbery (counts VII and VIII), and kidnapping (counts IX and X); criminal sexual assault (count XI); kidnapping based on asportation (count XVI); and kidnapping based on knowing and secret confinement (count XVII).

Defendant was not convicted of the following nine charges: armed robbery (count XII); robbery (count XIII); aggravated kidnapping based on criminal sexual assault (count XIV) and on robbery (count XV); aggravated criminal sexual abuse, for oral sodomy and vaginal penetration, predicated on the ages of the victim who was under 16 years old and defendant who was 5 years older than the victim (counts XVIII and XIX); armed violence, for oral sodomy and vaginal intercourse (counts XX and XXI); and unlawful restraint (count XXII).

For the reasons which follow, we affirm the convictions for kidnapping (counts XVI and XVII) and two convictions for aggravated criminal sexual assault. We vacate the conviction for criminal sexual assault (count XI) and the convictions for aggravated criminal sexual

assault which were predicated on armed robbery and robbery (counts V through VIII). In addition, we find that the nine-year sentence imposed by the trial court was not an abuse of discretion and there is no need for a new sentencing hearing.

We first address defendant's challenge to his two kidnapping convictions (counts XVI and XVII). Defendant was indicted and convicted under section 10—1(a)(1) of kidnapping based on secret confinement and under section 10—1(a)(2) of kidnapping based on asportation.

The Criminal Code of 1961 defines "kidnapping" as follows:

"(a) Kidnaping occurs when a person knowingly:
(1) And secretly confines another against his will, or
(2) By force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will."

Ill. Rev. Stat. 1985, ch. 38, pars. 10—1(a)(1), (a)(2).

Defendant argues that his kidnapping conviction based on secret confinement, section 10—1(a)(1), is legally inconsistent with the trial court's finding of not guilty of aggravated kidnapping. Defendant submits that the not guilty finding of aggravated kidnapping implies that the trial court did not believe there was a secret confinement. We find defendant's argument unpersuasive.

■ "Secret confinement" is a necessary element of kidnapping under section 10—1(a)(1). (*People v. Siefke* (1990), 195 Ill. App. 3d 135, 147, 551 N.E.2d 1361.) Secret confinement may be shown by proof of either the secrecy of confinement or the place of confinement. (*People v. Mulcahey* (1978), 72 Ill. 2d 282, 285, 381 N.E.2d 254.) In *Mulcahey* the supreme court established that "secret" denotes concealed, hidden, or not made public. (*Mulcahey*, 72 Ill. 2d at 285.) Confinement is established where the victim has been clearly enclosed within something, most commonly, a house or a car. (*People v. Sykes* (1987), 161 Ill. App. 3d 623, 628, 515 N.E.2d 253 (and cases cited therein).) In light of the concealment and enclosure of the victim in defendant's van, we find that there was sufficient evidence in the present case to establish the element of secret confinement.

Since the trial court expressly found defendant guilty of kidnapping under section 10—1(a)(1), it is axiomatic that the trial court found sufficient evidence of a knowing and secret confinement.

A kidnapper is guilty of aggravated kidnapping when he inflicts great bodily harm or commits another felony upon his victim. (Ill. Rev. Stat. 1983, ch. 38, par. 10—2(a)(3).) The two aggravated kidnapping charges in the present case were based on the offenses of robbery and simple criminal sexual assault. The trial court made no find-

ing as to the charge of robbery and thus defendant was impliedly acquitted of this predicate offense. *People v. Pahl* (1970), 124 Ill. App. 2d 177, 260 N.E.2d 405.

Criminal sexual assault merges into aggravated criminal sexual assault because it is a lesser included offense. (*People v. Jimenez* (1989), 191 Ill. App. 3d 13, 547 N.E.2d 616.) Absent a predicate offense, an enhanced offense like aggravated kidnapping obviously cannot stand.

Defendant next asserts that his conviction under section 10—1(a)(2) for kidnapping based on asportation should be reversed because the asportation was merely incidental to the criminal sexual assault. We disagree and hold that the asportation in the present case constitutes kidnapping as a separate offense.

To determine whether an asportation or detention rises to the level of kidnapping as a separate offense, Illinois courts have adopted the test which this court established in *People v. Smith* (1980), 91 Ill. App. 3d 523, 414 N.E.2d 1117. The *Smith* test requires consideration of the following four factors: (1) the duration of the asportation or detention; (2) whether the asportation or detention occurred during the commission of a separate offense; (3) whether the asportation or detention that occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. (*Smith*, 91 Ill. App. 3d at 529, 414 N.E.2d at 1122.) Whether an asportation is sufficient to constitute a kidnapping depends on the particular facts and circumstances of each case. *People v. Casiano* (1991), 212 Ill. App. 3d 680, 571 N.E.2d 742.

In *Casiano*, a case similar to the present case, this district applied the four-factor test delineated in *Smith* and held that the kidnapping based on asportation was a separate offense and not merely incidental to the aggravated criminal sexual assault. (*Casiano*, 212 Ill. App. 3d 680, 571 N.E.2d 742.) Like the present defendant, the *Casiano* defendant, following a bench trial, was convicted of kidnapping based on asportation under section 10—1(a)(2) and two counts of aggravated criminal sexual assault based on the kidnapping. The *Casiano* defendant approached his victim while she was walking from a bus stop between 1 and 2 a.m., stuck a sharp object in her back, grabbed her arm, and forced her to walk with him to his apartment, which was approximately 1½ blocks away. In the apartment the *Casiano* defendant displayed a knife, ordered his victim to undress, threatened to kill her if she did not follow his orders, sodomized her and raped her. In *Casiano* this district affirmed the trial court's findings that the defend-

ant used force to carry the victim from one place to another, *i.e.*, from the street to his apartment, with the intent to confine her secretly against her will and that the criminal sexual assault was aggravated by the kidnapping.

■ Applying the *Smith* factors to the present case, we first find that the duration factor is satisfied here where the asportation lasted approximately 1½ blocks as in *Casiano*. The present victim testified that defendant initially forced her to a back porch area which was about one block from the street and then compelled her to walk across the street to the van. Furthermore, neither the brevity of the asportation nor the limited distance of the movement necessarily precludes a kidnapping conviction. (*People v. Thomas* (1987), 163 Ill. App. 3d 670, 678, 516 N.E.2d 901.) This court has previously applied the *Smith* test and determined that the defendant's conduct rose to the level of kidnapping where the victim was transported only one-half block in a van and then was able to escape through a side panel door (*Thomas*, 163 Ill. App. 3d 670, 516 N.E.2d 901) and also where the asportation lasted only a few minutes (*People v. Pugh* (1987), 162 Ill. App. 3d 1030, 516 N.E.2d 396).

Second, the asportation of the present victim occurred prior to, rather than during, the sexual assault as in *Casiano* and *People v. Gully* (1986), 151 Ill. App. 3d 795, 502 N.E.2d 1091. In *Gully* the court found that the kidnapping constituted a separate offense based on the *Smith* test where the victim was robbed, then transported in a car to a different location, and then raped.

Third, the forced movement of a victim from one location to another place is not inherent in the offense of criminal sexual assault. Ill. Rev. Stat. 1985, ch. 38, par. 12–13.

Fourth, the asportation created a significant danger to the victim independent of the danger posed by the sexual assault. The danger arises from the movement itself where the victim is grabbed from behind, threatened with a weapon, and forced to walk in this manner. (*Casiano*, 212 Ill. App. 3d at 688.) In addition, a significant danger arises from the potential of more serious criminal activity due to the privacy of the final location, *i.e.*, the van in the present case and the apartment in *Casiano*. Similarly, the court in *Gulley* found that the asportation created a significant danger to the victim independent of that posed by the criminal sexual assault where the victim was taken from a highway intersection to a vacant, dead-end road near a wooded area. The *Gulley* court reasoned that the likelihood of the victim being discovered if injured was greatly diminished and the likelihood of her being murdered or injured in some other fashion greatly

increased. (*Gully*, 151 Ill. App. 3d at 800; see also *Pugh*, 162 Ill. App. 3d at 1035 (the court found that the asportation significantly increases the dangerousness and undesirability of the defendant's behavior by subjecting the victim to further physical abuse and the possibility of even greater harm).) Specifically, a significant and independent danger arises where a victim is forced out of a public area and into the back of a van because as a result of the asportation, a victim's signal for help is more difficult to detect and the likelihood of a victim being seen by a passerby is greatly decreased. *Thomas*, 163 Ill. App. 3d at 679.

Based on the facts of this case, an analysis of the *Smith* factors, and this court's previous holdings, we find that the kidnapping was properly found to be a separate offense from the criminal sexual assault.

Defendant next contends that insufficient evidence was adduced to prove him guilty beyond a reasonable doubt of aggravated criminal sexual assault and kidnapping. Defendant argues that the victim's testimony lacked corroboration because no gun and no earmuffs were ever found, and time discrepancies appear in the victim's account of the events. Defendant also argues that his statement to the police is more reasonable and probable than the testimony presented by the victim. Defendant's arguments in this regard are without merit.

Contrary to defendant's contentions, the State is no longer required in sex offense cases to demonstrate that the victim's testimony be substantially corroborated to prove guilt beyond a reasonable doubt. (*People v. Mitchell* (1991), 215 Ill. App. 3d 849; *People v. Byrd* (1990), 206 Ill. App. 3d 996, 1006, 565 N.E.2d 176, 182; *People v. James* (1990), 200 Ill. App. 3d 380, 394, 558 N.E.2d 732, 742.) Accordingly, the appropriate standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Mitchell*, 215 Ill. App. 3d at 861; *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) When presented with a challenge to the sufficiency of the evidence, a reviewing court will not reverse a conviction unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt as to defendant's guilt. *People v. Young* (1989), 128 Ill. 2d 1, 51, 538 N.E.2d 461.

Moreover, it is well settled that in a bench trial it is the function of the trial court to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence. (*People v. Colson* (1989), 187 Ill. App. 3d 423, 543 N.E.2d

282.) Conflicting testimony is to be resolved by the trier of fact. *People v. Westfield* (1990), 207 Ill. App. 3d 772, 566 N.E.2d 392.

In his statement to the police, defendant acknowledged that he was with the victim in the van on the night in question but contended that the victim propositioned him and nothing happened. At trial the victim testified that defendant, armed with a gun, accosted her in the street, threatened her life, forcibly moved her to several locations, compelled her to engage in sexual acts, and held her inside the van for hours. The victim also testified that defendant took her earmuffs from her coat pocket and she was not wearing a watch on that night. In light of the evidence presented and the applicable principles of review, we find that the trial court reasonably could find defendant guilty of aggravated criminal sexual assault and kidnapping.

Defendant argues and the State concedes that counts V through VIII must be vacated because those aggravated criminal sexual assault charges were predicated on the aggravating factors of robbery and armed robbery for which defendant was found not guilty. We agree and accordingly vacate the aggravated criminal sexual assault convictions based on robbery and armed robbery as the predicate offenses, *i.e.*, counts V, VI, VII, and VIII.

Similarly, defendant correctly contends and the State concedes that the conviction for criminal sexual assault, count XI, must be vacated because it merges into the offense of aggravated criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13, 12—14(a).) Since criminal sexual assault is a lesser included offense of aggravated criminal sexual assault, we vacate the conviction for criminal sexual assault, *i.e.*, count XI. *People v. Jimenez* (1989), 191 Ill. App. 3d 13, 547 N.E.2d 616.

Defendant also asserts that the convictions for aggravated criminal sexual assault predicated on kidnapping, counts IX and X, should be vacated or reduced to simple criminal sexual assault on the basis of his preceding arguments challenging his kidnapping convictions in counts XVI and XVII. We disagree.

A defendant may properly be convicted of both the aggravated crime and the felony underlying that crime. (*Casiano*, 212 Ill. App. 3d 680, 571 N.E.2d 742; *People v. McDarrah* (1988), 175 Ill. App. 3d 284, 529 N.E.2d 808.) In both *Casiano* and *McDarrah*, separate convictions for kidnapping and for aggravated criminal sexual assault predicated on the kidnapping were affirmed. Thus, in the present case, defendant can stand convicted of the same offenses. Furthermore, in light of our finding that the kidnapping convictions

are supported by the evidence, we find that the aggravated criminal sexual assault convictions based on kidnapping should not be reduced to criminal sexual assault.

Regarding counts I through IV, defendant contends that the convictions for aggravated criminal sexual assault predicated on the display of a dangerous weapon and threatening a life by the display of a gun should be reduced to criminal sexual assault because the aggravating factor, *i.e.*, being armed with a gun, was implicitly eliminated by the trial court's findings of not guilty of armed robbery and armed violence. Defendant further argues that although the victim testified she was accosted at gunpoint, this detail was never corroborated since the gun was not recovered, and thus, these charges based on the presence of a gun should not be upheld. Again we find defendant's assumptions flawed and arguments unpersuasive.

■ The victim testified that defendant had a gun and he stole her earmuffs. The trial court specifically found defendant guilty of the charges based on the presence of and threat from a gun, *i.e.*, counts I through IV. On the other hand, defendant was found not guilty of robbery (count XIII), armed robbery (count XII), and armed violence (counts XX and XXI). From these facts it can be determined that the trial court could reasonably have believed that defendant had a gun but did not take the earmuffs belonging to the victim. Accordingly, the trial court did not find defendant guilty of the charges based on the taking of property.

Robbery and armed robbery clearly require a finding that property was taken. (Ill. Rev. Stat. 1985, ch. 38, pars. 18–1, 18–2.) A person commits armed violence when, while armed with a dangerous weapon, he commits *any* felony. (Ill. Rev. Stat. 1985, ch. 38, par. 33A–2.) Since both robbery and armed robbery are felonies, they obviously can be the predicate offenses for armed violence. A trial court is not required to specify each fact considered in making its decision. *People v. Spencer* (1971), 131 Ill. App. 2d 551, 556, 268 N.E.2d 192 ("[a] trial court draws factual conclusions from conflicting testimony but need not specify each fact considered in making its decision.").

In addition, defendant's argument that the enhanced charges based on a gun should be reduced because the victim's testimony was not corroborated by the gun being found is without merit. Substantial corroboration of the victim's testimony is not required in a sex offense case to prove guilt beyond a reasonable doubt. (*Byrd*, 206 Ill. App. 3d 996, 565 N.E.2d 176.) The fact that no gun was recovered does not preclude the trial court from such finding where the victim expressly testified that defendant had a gun. In a bench trial, the trial

judge determines the credibility of the witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence. *Colson*, 187 Ill. App. 3d 423, 543 N.E.2d 282.

We conclude that the criminal sexual assault charges aggravated by the presence of a gun were not implicitly eliminated by other findings of the trial court and they should not be reduced.

Next defendant submits that under the one-act-one-crime rule established in *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, he can be convicted of only two offenses because only two acts of sexual conduct occurred. On the other hand, the State, relying solely on *People v. Segara* (1988), 126 Ill. 2d 70, 533 N.E.2d 802, maintains that multiple convictions for aggravated criminal sexual assault are proper because each offense constituted separate and distinct acts. We agree with defendant's contention.

Where a defendant commits more than one criminal act in a single episode or transaction, the State may prosecute for more than one offense unless the charges involve precisely the same physical act. (*Segara*, 126 Ill. 2d 70, 533 N.E.2d 802; *King*, 66 Ill. 2d 551, 363 N.E.2d 838.) In promulgating the one-act-one-crime rule, the Illinois Supreme Court reasoned that prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. (*King*, 66 Ill. 2d at 566.) In *King* the supreme court upheld the convictions of both rape and burglary because each offense is based on separate acts and requires proof of a different element.

Multiple convictions for aggravated criminal sexual assault based on one act of sexual penetration cannot stand because of the one-act-one-crime rule. In *Segara* the supreme court held that six of eight aggravated criminal sexual assault convictions were properly vacated where the defendant committed two acts of criminal sexual assault. (*Segara*, 126 Ill. 2d 70, 533 N.E.2d 802.) Similarly, only one conviction for aggravated criminal sexual assault was upheld where only one act of sexual penetration occurred in *People v. Olsen* (1987), 161 Ill. App. 3d 945, 514 N.E.2d 233, and in *People v. Gutierrez* (1987), 156 Ill. App. 3d 555, 509 N.E.2d 787.

The offense of aggravated criminal sexual assault is committed where an accused commits criminal sexual assault and there existed during the commission of the offense an aggravating circumstance, including the use of a deadly weapon; the infliction of bodily harm; the threat or endangerment to the life of the victim; and the commission of the offense during the course of the commission or attempted commission of any other felony. Ill. Rev. Stat. 1985, ch. 38, pars. 12–14(a)(1), (a)(2), (a)(3), (a)(4).

The factual matrix of the instant case reveals that defendant committed two separate and distinct acts of sexual penetration upon the victim while there existed aggravating factors. Accordingly, defendant was properly convicted of two counts of aggravated criminal sexual assault. The remaining convictions for aggravated criminal sexual assault are vacated. *People v. Coleman* (1991), 212 Ill. App. 3d 997, 571 N.E.2d 1035.

Defendant next asserts that the absence of closing arguments was reversible error. We disagree.

The right to closing argument can be waived. (*Herring v. New York* (1975), 422 U.S. 853, 860, 45 L. Ed. 2d 593, 599, 95 S. Ct. 2550, 2554.) If a trial court in a bench trial enters its findings directly after the presentation of evidence, defense counsel has the right to object and be given the opportunity to present a closing argument. (*People v. Daniels* (1977), 51 Ill. App. 3d 545, 366 N.E.2d 1085 (the court found that no reversible error existed where the trial court entered its findings but then, at the request of defense counsel, permitted closing arguments).) Where no attempt is made to seek closing argument, it cannot be said that a party was denied the opportunity to present a closing argument. *Coleman*, 212 Ill. App. 3d 997, 571 N.E.2d 1035; *People v. Moczarney* (1978), 65 Ill. App. 3d 410, 417, 382 N.E.2d 544, 549.

■ The record reveals that the trial judge began to announce his findings immediately following the close of defendant's case. However, defendant did not request an opportunity to make a closing argument and did not object to the trial court's actions. Thus, under the circumstances in this case, we find that the absence of closing argument was not error.

Lastly, defendant contends that the trial court abused its discretion when it imposed a nine-year sentence of imprisonment. Defendant argues that the trial court erroneously gave (1) undue emphasis to the nature and seriousness of the offenses as represented by convictions on 13 separate counts and (2) no consideration to the mitigating factors. Defendant also asserts that remandment for a new sentencing hearing should be granted on the remaining counts when other convictions are vacated. In his reply brief, defendant notes that he has completed the period of incarceration and is currently on mandatory supervised release.

We affirm the sentence imposed.

Absent an abuse of discretion, a trial court's sentencing decision may not be altered upon review, because the trial judge is in a better position to determine the punishment to be imposed than the courts

of review. *People v. Martin* (1983), 112 Ill. App. 3d 486, 502, 445 N.E.2d 795.

■■ The record reveals that the trial court heard arguments in aggravation and mitigation, and, even though it found defendant guilty of 13 offenses, it imposed only one nine-year sentence. Aggravated criminal sexual assault is a Class X felony. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(c).) The sentencing range prescribed by statute for a Class X felony is 6 to 30 years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).) In light of the applicable sentencing range provided by statute and the arguments presented in aggravation and mitigation, we find that the trial court's imposition of a single nine-year sentence was not an abuse of discretion.

Where there is no indication from the record that a vacated conviction had any bearing on the sentence, it is not necessary to remand the cause for resentencing. (*People v. Hood* (1989), 191 Ill. App. 3d 129, 547 N.E.2d 637; *People v. Einstein* (1982), 106 Ill. App. 3d 526, 535, 435 N.E.2d 1257; *People v. Miles* (1981), 96 Ill. App. 3d 721, 422 N.E.2d 5.) Moreover, "where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required." (*People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338 (and cases cited therein).) In *Bourke* the supreme court affirmed the sentences imposed by the trial court and noted that the sentences were substantially below the maximum sentences permissible for the offenses. (*Bourke*, 96 Ill. 2d 327, 449 N.E.2d 1338.) Like the sentences imposed and upheld in *Bourke*, the nine-year sentence imposed on defendant is far below the maximum 30-year term allowed for aggravated criminal sexual assault. Furthermore, remandment for resentencing was found to be unnecessary where, as in the present case, the trial court declined to impose either consecutive sentences or extended-term sentences or the maximum sentence allowed for the offense. *Martin*, 112 Ill. App. 3d 486, 445 N.E.2d 795.

In light of these sentencing principles, the relevant statutory guidelines, a review of the record, and the convictions upheld in this case, we find that remandment for resentencing is not necessary.

Affirmed in part and vacated in part.

CERDA, P.J., and RIZZI, J., concur.