THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY CARTER LIGGINS, Defendant-Appellant.

Third District   No. 3—91—0378

Opinion filed May 29, 1992.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The circuit court of Rock Island County found the defendant, Stanley Liggins, guilty of aggravated criminal sexual abuse and sentenced him to a seven-year term of imprisonment. The sole issue on appeal is whether the trial court erred when it decided the case without allowing the defendant the opportunity to present closing argument.

The evidence adduced at trial established that on August 3, 1990, A.S. and a friend, T.S., were playing when they decided to get a refreshment. The pair then proceeded to Brenda Adams' apartment to get some "Kool Aid." The defendant was in the Adams apartment. A.S. and T.S. made some Kool Aid and went out onto the back steps to drink it when A.S. spilled some of her drink on her leg. The girls then went back into the Adams apartment, where the defendant brought A.S. a washcloth to wipe the spill.

At this point, the defendant told T.S. to leave the apartment. He then washed A.S.'s left leg, and, despite her protest, her right leg. He next pulled A.S.'s swimsuit to one side and began wiping her "private part"; her vagina. A.S. then screamed and ran out the door. Thinking the defendant was chasing her, A.S. ran to the nearby apartment of Charlotte Ledbetter and reported to her what occurred.

T.S. and Charlotte Ledbetter also testified. Their testimony substantially corroborates what A.S. testified to earlier.

After the State rested, the defense moved for a directed verdict and extensively argued the alleged weakness of the State's case. When the trial court denied the motion, the defendant took to the witness stand.

The defendant testified that he was living in the Adams apartment with the Adams family. He specifically recalls when A.S. and T.S. came over for Kool Aid and when A.S. accidentally spilled Kool Aid on her leg. According to the defendant, he went to the bathroom to retrieve a washcloth for A.S. After giving A.S. the washcloth, he went back to the bathroom. After spending several minutes in the bathroom, the defendant went back to the dining room. At this point, the defendant further explained, A.S. screamed, threw the towel, and ran for the door. He claims he did not touch A.S. at any time.

Following the defendant's testimony, the State produced a prior conviction of defendant.

After the State indicated it had no further evidence, the trial transcript indicates the cause proceeded as follows:

"THE COURT: Anything further?

MR. STENGEL (prosecutor): No, your honor.

THE COURT: Then I am ready to rule. I don't believe I need closing argument.

MR. SCOVIL (defense counsel): We would renew our motion for a verdict at the close of the evidence.

THE COURT: Your motion is denied. Any other motions?

MR. STENGEL: No.

MR. SCOVIL: No."

The court then ruled in the case. The trial court discussed the evidence and found the defendant guilty.

According to the State, under these circumstances it wasn't error for the trial court to deny the opportunity to present closing argument. The State points out the defendant did not object when the trial court stated that it felt closing arguments were unnecessary in this case.

The right to closing argument can be waived. (*People v. Riley* (1991), 219 Ill. App. 3d 482, 579 N.E.2d 1008.) If a trial court in a bench trial enters its findings directly after the presentation of evidence, defense counsel has the right to object and be given the opportunity to present a closing argument. (*People v. Daniels* (1977), 51 Ill. App. 3d 545, 366 N.E.2d 1085.) Where no attempt is made to seek closing argument, it cannot be said that a party was denied the opportunity to present a closing argument. *People v. Coleman* (1991), 212 Ill. App. 3d 997, 571 N.E.2d 1035.

The record in the instant case reveals the trial court began to announce its findings immediately following the close of the defendant's case. Defendant did not, however, request an opportunity to make a closing argument and did not object to the trial court's actions. Therefore, under these circumstances, we hold the defendant was not deprived of the right to present closing argument.

For these reasons, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

McCUSKEY and HAASE, JJ., concur.