Docket Nos. 81246, 81248, 81274 cons.–Agenda 9–May

 1997.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. VICTOR GARCIA, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROGER WALLACE, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. AARON O'NEAL, Appellant.

Opinion filed October 23, 1997.

JUSTICE MILLER delivered the opinion of the court:

Victor Garcia, Roger Wallace, and Aaron O'Neal, defendants in these consolidated cases, were convicted of numerous crimes in the circuit court of Cook County for the gang rape of an 18-year-old female victim. In sentencing defendants, the trial judge failed to enter consecutive sentences on several convictions as required under section 5–8–4(a) of the Unified Code of Corrections (730 ILCS 5/5–8–4(a) (West 1992)). The relevant portion of section 5–8–4(a) provides:

“The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12–13 or 12–14 [aggravated criminal sexual assault] of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively.” 730 ILCS 5/5–8–4(a) (West 1992).

The appellate court found that the trial judge's imposition of several concurrent sentences in violation of section 5–8–4(a) rendered those sentences void. 281 Ill. App. 3d 602, 613. The court vacated all of defendants' sentences and remanded to the trial court for resentencing. 281 Ill. App. 3d at 615, 617.

Defendants, Victor Garcia (cause No. 81246), Roger Wallace (cause No. 81248), and Aaron O'Neal (cause No. 81274), each filed a petition for leave to appeal. 155 Ill. 2d R. 315(a); 134 Ill. 2d R. 612(b). We allowed defendants' petitions and consolidated them for purposes of this appeal.

BACKGROUND

The victim (S.B.) had been dating Victor Garcia for about one week. On the afternoon of June 2, 1992, S.B. and her friend Jessica met Garcia, Roger Wallace, Aaron O'Neal, and Richard Walters (a codefendant not a party to this appeal) at a park. Without S.B.'s knowledge, the four males had decided to initiate S.B. as a “Deucette”–a member of the female branch of the Insane Deuces street gang. A Deucette's initiation consists of engaging in sex with a number of male gang members.

After meeting at the park, S.B. agreed to go with Garcia, Wallace, O'Neal, and Walters to Walters' apartment in order to drink some alcoholic beverages. Jessica could not attend and left to pick up her sister. Once at the apartment, the group played a drinking game in which S.B. consumed approximately five to eight shots of alcohol in a short amount of time.

Following the drinking game, Garcia led S.B. to the bedroom of the apartment and asked S.B. to engage in consensual sex. S.B. refused. Despite S.B.'s refusal, Garcia removed S.B.'s clothing and penetrated S.B.'s vagina with his penis. When S.B. screamed for Garcia to stop, Garcia hit her several times and told her to shut up. Garcia then left the bedroom.

O'Neal and Walters entered the bedroom. O'Neal penetrated S.B.'s vagina with his penis. When S.B. screamed, O'Neal hit her. Walters penetrated S.B.'s mouth with his penis. Then, following O'Neal's instruction that Walters have intercourse with S.B., Walters either penetrated or touched S.B.'s vagina with his penis. Throughout this episode, S.B. was crying and screaming for them to stop. When O'Neal and Walters exited the bedroom, Walters was carrying a handgun.

Next, Wallace entered the bedroom. Wallace either penetrated or touched S.B.'s vagina with his penis. S.B. continued to cry and scream. In order to quiet S.B., Wallace hit her. Wallace then exited the bedroom.

Later, S.B. and the mattress from the bedroom were brought into the living room of the apartment. Pursuant to an instruction from O'Neal, Wallace penetrated or touched S.B.'s vagina with his penis. In order to quiet S.B.'s screams, Garcia held a gun to her head and threatened to kill her if she did not shut up. Wallace then penetrated S.B.'s mouth with his penis.

Garcia, O'Neal, and Wallace discussed whether S.B. should be killed. Following this discussion, but prior to any attempt on S.B.'s life, Walters left the apartment. Garcia and Wallace then choked S.B. with a plastic belt. S.B. went unconscious and urinated. However, the belt broke during the strangulation and S.B. survived.

The next morning, Garcia, O'Neal, and Wallace instructed S.B. not to tell her parents or the police what had happened. Defendants fabricated a story so that S.B. could explain her injuries without implicating defendants. Defendants quizzed S.B. regarding the story. Garcia and Wallace walked S.B. to a bus stop so that she could get home. Before the bus arrived, Garcia and Wallace left. After arriving at home, S.B. told her friend Jessica, her mother, the police, and emergency room medical personnel what had happened and not the story fabricated by defendants.

Later, Garcia, Wallace, O'Neal, and Walters were arrested and charged by indictment. Garcia, Wallace, and O'Neal were tried simultaneously in severed trials. Garcia and O'Neal were tried before separate juries. Wallace was tried in a bench trial. Richard Walters agreed to be a witness for the State in exchange for his plea of guilty and a 10-year prison sentence. Richard Walters is not a party to this appeal.

Cause No. 81246

Victor Garcia was 16 years old at the time of the crimes. Garcia was charged as an adult in a 56-count indictment. Prior to trial, the State nol-prossed 47 counts of the indictment. The State initially proceeded against Garcia on three counts of aggravated criminal sexual assault based on Garcia's penetration of S.B.'s vagina (counts 1, 9, 17). The counts were premised on three distinct aggravating factors: using a dangerous weapon; causing the victim bodily harm; and threatening the victim's life. 720 ILCS 5/12–14(a)(1), (a)(2), (a)(3) (West 1992).

The State also proceeded against Garcia on three counts of aggravated criminal sexual assault under a theory of accountability based on Wallace's penetration of S.B.'s vagina (counts 3, 11, 21). These counts were premised on the same three aggravating factors. In addition, the State proceeded against Garcia on one count of conspiracy (720 ILCS 5/8–2 (West 1992)) to commit aggravated criminal sexual assault (count 41); one count of criminal sexual assault (720 ILCS 5/12–13(a)(1) (West 1992)) based on Garcia's penetration of S.B.'s vagina (count 45); and one count of aggravated unlawful restraint (720 ILCS 5/10–3.1 (West 1992)) (count 56).

The jury found Garcia guilty of two acts of sexual penetration: his own penetration of S.B.'s vagina and, under a theory of accountability, Wallace's penetration of S.B.'s vagina. The jury also found Garcia guilty of the conspiracy, criminal sexual assault, and aggravated unlawful restraint charges.

At sentencing, the trial judge merged Garcia's convictions for the lesser included offenses of criminal sexual assault (count 45) and aggravated unlawful restraint (count 56) into Garcia's other convictions. No sentences were entered on these counts.

The judge sentenced Garcia to 30 years' imprisonment for aggravated criminal sexual assault based on count 1. The judge then sentenced Garcia to four, 30-year terms of imprisonment for aggravated criminal sexual assault based on counts 2, 9, 11, and 21 to be served concurrent with each other and concurrent with count 1. The judge sentenced Garcia on count 2 despite the fact that count 2 had been nol-prossed prior to trial. The judge failed to enter a sentence on count 3, a count submitted to the jury. Apparently, the judge transposed these two counts when imposing Garcia's sentences.

In addition, the judge sentenced Garcia to a 15-year concurrent term of imprisonment for conspiracy to commit aggravated criminal sexual assault (count 41). Finally, the judge sentenced Garcia to a 20-year term of imprisonment for aggravated criminal sexual assault (count 17) that was to run consecutively to counts 1, 2, 9, 11, 21, and 41. Taken together, the concurrent 30-year terms and the consecutive 20-year term totaled 50 years of imprisonment.

Garcia appealed his convictions and sentences. The appellate court stated that Garcia waived review of his sentences through his failure to challenge them in the trial court with a written motion pursuant to section 5–8–1(c) of the Unified Code of Corrections (730 ILCS 5/5–8–1(c) (West Supp. 1993)). Nevertheless, the court addressed Garcia's sentences because the sentences were related to the propriety of Garcia's convictions and because of our holding in 
People v. Arna
, 168 Ill. 2d 107 (1995). In 
Arna
, we found that an order imposing concurrent terms of imprisonment is void when consecutive terms of imprisonment are required by section 5–8–4(a). 
Arna
, 168 Ill. 2d at 112-13.

The appellate court vacated Garcia's conviction and sentence for conspiracy to commit aggravated criminal sexual assault (count 41). The court stated that no person may be convicted of both the inchoate and the principal offense. See 720 ILCS 5/8–5 (West 1992). The appellate court also vacated Garcia's sentence for aggravated criminal sexual assault based on count 2 because the jury did not return a verdict of guilty on count 2.

In addition, the appellate court found that Garcia was improperly convicted on multiple counts arising from two single acts. See 
People v. Riley
, 219 Ill. App. 3d 482, 493 (1991). Counts 1, 9, and 17 concern the act of Garcia penetrating S.B.'s vagina. Counts 11 and 21 concern the act of Wallace penetrating S.B.'s vagina. However, the court did not remand to the trial court for a determination as to which two of the five convictions for aggravated criminal sexual assault Garcia was to be sentenced on. See 
People v. Segara
, 126 Ill. 2d 70, 78 (1988). Instead, the court affirmed the convictions on counts 1 and 11 and vacated Garcia's convictions on counts 9, 17, and 21.

The appellate court found that because the sentences entered on counts 1 and 11 were concurrent, the sentences violated section 5–8–4(a) and were therefore void under 
Arna
. The court vacated these sentences and remanded to the trial court so that two consecutive sentences could be entered on counts 1 and 11 in conformity with section 5–8–4(a).

The appellate court did not address Garcia's convictions for the lesser included offenses of criminal sexual assault (count 45) and aggravated unlawful restraint (count 56). The trial judge had merged these counts into Garcia's other convictions.

Cause No. 81248

Roger Wallace was 22 years old at the time of the crimes. Wallace was charged by a 56-count indictment. Prior to trial, the State nol-prossed three counts of the indictment (counts 42, 43, 44). The State proceeded on 40 counts of aggravated criminal sexual assault (counts 1 through 40). These counts were based on Wallace's penetration of S.B.'s vagina and mouth as well as his accountability for the similar sexual assaults committed by Garcia, Walters, and O'Neal. These counts were premised on five aggravating factors: using a dangerous weapon; causing the victim bodily harm; threatening the victim's life; endangering the victim's life; and committing the sexual assault during the course of another felony (armed robbery). 720 ILCS 5/12–14(a)(1), (a)(2), (a)(3), (a)(4) (West 1992).

In addition, the State proceeded against Wallace on one count of conspiracy to commit aggravated criminal sexual assault (count 41); eight counts of criminal sexual assault based on Wallace's penetration of S.B.'s vagina and mouth as well as his accountability for the similar sexual assaults committed by Garcia, Walters, and O'Neal (counts 45 through 52); two counts of aggravated battery (720 ILCS 5/12–4(a) (West 1992)) (counts 53, 54); one count of compelling organizational membership (720 ILCS 5/12–6.1 (West 1992)) (count 55); and one count of aggravated unlawful restraint (count 56).

Following a bench trial, Wallace was found guilty of 40 counts of aggravated criminal sexual assault (counts 1 through 40); one count of conspiracy (count 41); eight counts of criminal sexual assault (counts 45 through 52); two counts of aggravated battery (counts 53, 54); and one count of aggravated unlawful restraint (count 56). In addition, the trial judge found Wallace guilty of one count of armed violence (720 ILCS 5/33A–2 (West 1992)) predicated on aggravated battery despite the fact that the State had nol-prossed this count prior to trial (count 44). Wallace was found not guilty of compelling organizational membership (count 55). Wallace was also found not guilty of armed robbery (720 ILCS 5/18–2 (West 1992)) even though the State had nol-prossed the armed robbery count prior to trial (count 43).

At sentencing, the trial judge merged Wallace's convictions for the lesser included offenses of criminal sexual assault (counts 45 through 52) and aggravated unlawful restraint (count 56) into Wallace's other convictions. No sentences were entered on these counts.

The judge sentenced Wallace to concurrent 30-year terms of imprisonment for aggravated criminal sexual assault based on counts 1 through 34. The judge then sentenced Wallace to six, 10-year terms of imprisonment for aggravated criminal sexual assault based on counts 35 through 40 to be served concurrently with each other. These six concurrent terms were to be served consecutively to the 30-year terms based on counts 1 through 34.

Next, the judge sentenced Wallace to a 15-year term of imprisonment for conspiracy to commit aggravated criminal sexual assault (count 41) to be served concurrently with the 30-year terms entered on counts 1 through 34. The judge also sentenced Wallace to a concurrent 30-year term of imprisonment for armed violence even though the armed violence count had been nol-prossed prior to trial (count 44). Finally, the judge sentenced Wallace to a five-year term of imprisonment for aggravated battery (counts 53, 54) to be served concurrently with counts 1 through 34. Taken together, the concurrent 30-year terms and the consecutive 10-year terms totaled 40 years of imprisonment.

Wallace appealed his convictions and sentences. The appellate court stated that Wallace waived review of his sentences through his failure to challenge them in the trial court with a written motion pursuant to section 5–8–1(c). Nevertheless, the court addressed Wallace's sentences because the sentences were related to the propriety of Wallace's convictions and because of our holding in 
Arna
.

The appellate court vacated Wallace's conviction and sentence for conspiracy to commit aggravated criminal sexual assault (count 41). See 720 ILCS 5/8–5 (West 1992). The court also vacated Wallace's conviction and sentence for armed violence (count 44) because the State nol-prossed this count prior to trial.

In addition, the appellate court found that no evidence was presented at trial demonstrating that either Garcia's or O'Neal's penis penetrated S.B.'s mouth. Accordingly, Wallace's convictions for aggravated criminal sexual assault based on a theory of accountability for Garcia's and O'Neal's penetration of S.B.'s mouth were not supported by the evidence. The court vacated these convictions and their corresponding sentences (counts 5, 8, 13, 16, 25, 26, 31, 32, 37, 40).

Next, the appellate court found that the charge of armed robbery against Wallace had been nol-prossed prior to trial (count 43). Notwithstanding the 
nolle prosequi
, the trial judge found Wallace not guilty of armed robbery. However, the trial judge did find Wallace guilty of eight counts of aggravated criminal sexual assault premised on the aggravating factor that the sexual assault was committed during an armed robbery. The appellate court vacated Wallace's convictions and sentences for aggravated criminal sexual assault premised on armed robbery (counts 33 through 40).

The appellate court also found that Wallace was improperly convicted on 24 counts of aggravated criminal sexual assault when he was only responsible for six acts of penetration: vaginal penetrations by Wallace, Garcia, O'Neal, and Walters; and oral penetrations by Wallace and Walters. The redundant convictions violated the one-act, one-crime rule. The court noted that Wallace and the State concurred that convictions on counts 1, 2, 3, 4, 6, and 7 should remain while the other 18 counts (counts 9, 10, 11, 12, 14, 15, 17 through 24, and 27 through 30) were to be vacated.

The appellate court found that the trial judge's failure to enter six consecutive sentences on Wallace's six convictions for aggravated criminal sexual assault violated section 5–8–4(a). Thus, Wallace's concurrent terms of 30 years' imprisonment based on counts 1 through 34 were void under 
Arna
. The court vacated these sentences and remanded for the imposition of six consecutive sentences for aggravated criminal sexual assault in conformity with section 5–8–4(a).

The appellate court did not address Wallace's convictions for the lesser included offenses of criminal sexual assault (counts 45 through 52) and aggravated unlawful restraint (count 56). The trial judge had merged these counts into Wallace's other convictions. In addition, the court did not address Wallace's convictions or sentence for aggravated battery (counts 53, 54).

Cause No. 81274

Aaron O'Neal was 27 years old at the time of the crimes. O'Neal was charged by a 57-count indictment. Prior to trial, the State nol-prossed 43 counts of the indictment. The State proceeded against O'Neal on one count of aggravated criminal sexual assault based on his penetration of S.B.'s vagina and causing her bodily harm (count 12). The State also proceeded on seven counts of aggravated criminal sexual assault based on O'Neal's accountability for the penetration of S.B.'s vagina and mouth by Garcia, Walters, and Wallace (counts 3, 9, 10, 11, 14, 17, 20). These counts were premised on three aggravating factors: using a dangerous weapon; causing the victim bodily harm; and threatening the victim's life.

The State also proceeded against O'Neal on one count of conspiracy to commit aggravated criminal sexual assault (count 41) and four counts of criminal sexual assault: O'Neal's penetration of S.B.'s vagina (count 48); O'Neal's accountability for the penetration of S.B.'s vagina by Garcia (count 45); and O'Neal's accountability for the penetration of S.B.'s vagina and mouth by Walters (counts 46, 50). Finally, the State proceeded on one count of aggravated unlawful restraint (count 56).

The jury found O'Neal guilty of five acts of aggravated criminal sexual assault: his own penetration of S.B.'s vagina; and under a theory of accountability, Garcia's penetration of S.B.'s vagina; Walter's penetration of S.B.'s vagina and mouth; and Wallace's penetration of S.B.'s vagina. The jury also found O'Neal guilty of the conspiracy, criminal sexual assault, and aggravated unlawful restraint charges.

At sentencing, the trial judge merged O'Neal's convictions for the lesser included offenses of criminal sexual assault (counts 45, 46, 48, 50) and aggravated unlawful restraint (count 56) into O'Neal's other convictions. No sentences were entered on these counts.

The judge sentenced O'Neal to 30 years' imprisonment for aggravated criminal sexual assault based on count 3. The judge then sentenced O'Neal to six, 30-year terms of imprisonment for aggravated criminal sexual assault based on counts 9, 10, 11, 14, 17, and 21 to be served concurrent with each other and with count 3.

The judge also sentenced O'Neal to a 15-year concurrent term of imprisonment for conspiracy to commit aggravated criminal sexual assault (count 41). Finally, the judge sentenced O'Neal to a 30-year term of imprisonment for aggravated criminal sexual assault (count 12) that was to be served consecutively to counts 3, 9, 10, 11, 14, 17, 21, and 41. Taken together, the concurrent 30-year terms and the consecutive 30-year term totaled 60 years of imprisonment.

O'Neal appealed his convictions and sentences. The appellate court stated that O'Neal waived review of his sentences through his failure to challenge them in the trial court with a written motion pursuant to section 5–8–1(c). Nevertheless, the court addressed O'Neal's sentences because the sentences were related to the propriety of O'Neal's convictions and because of our holding in 
Arna
.

The appellate court vacated O'Neal's conviction and sentence for conspiracy to commit aggravated criminal sexual assault (count 41). See 720 ILCS 5/8–5 (West 1992). Unlike Garcia and Wallace, however, several of O'Neal's convictions did not run afoul of the one-act, one-crime rule. O'Neal was convicted on only one count of aggravated criminal sexual assault for his penetration of S.B.'s vagina (count 12), for Walter's penetration of S.B.'s vagina (count 10), and for Walter's penetration of S.B.'s mouth (count 14). These convictions properly reflect one conviction per criminal act.

However, O'Neal was convicted twice for Garcia's penetration of S.B.'s vagina (counts 9, 17) and three times for Wallace's penetration of S.B.'s vagina (counts 3, 11, 21). Instead of remanding for a determination as to which two of these five counts O'Neal was to be sentenced on (see 
Segara
, 126 Ill. 2d at 78), the appellate court itself determined that counts 3 and 9 should be affirmed while the convictions on counts 11, 17, and 21 should be vacated.

The appellate court found that the sentences entered on counts 3, 9, 10, 12, and 14 were not consecutive. Thus, these sentences did not conform with section 5–8–4(a) and were void under 
Arna
. The court vacated these sentences and remanded to the trial court for the imposition of five consecutive sentences in conformity with section 5–8–4(a).

The appellate court did not address O'Neal's convictions for the lesser included offenses of criminal sexual assault (counts 45, 46, 48, 50) and aggravated unlawful restraint (count 56). The trial judge had merged these counts into O'Neal's other convictions.

DISCUSSION

Prior to our discussion of the sentencing issues raised in this appeal, we address several of defendants' convictions and sentences that are not contested on the merits by the parties. A preliminary resolution of these concerns will serve to clarify a somewhat complicated assortment of indictment counts, convictions, and sentences.

As a general matter, the State has renewed here its argument made in the appellate court that defendants have waived review of any sentencing errors that occurred in the trial court by failing to file section 5–8–1(c) motions challenging their sentences. The appellate court agreed with the State and found that defendants had waived review of any sentencing issues. Despite this finding of waiver, the court still considered defendants' sentencing claims because those claims were related to the propriety of each defendant's convictions. See 281 Ill. App. 3d at 613. Because the State has not contested the judgment of the appellate court, we will not review the State's waiver claim here.

The appellate court did not address defendants' convictions for the lesser included offenses of criminal sexual assault and aggravated unlawful restraint (Garcia, counts 45, 56; Wallace, counts 45 through 52, and 56; O'Neal, counts 45, 46, 48, 50, 56). The trial judge had merged these counts into defendants' other convictions and did not enter sentences on these counts. The parties do not raise any issues regarding these convictions. These convictions are not before us and we do not consider them.

The appellate court also did not address Wallace's convictions and sentence for aggravated battery (counts 53, 54). The trial judge had sentenced Wallace to a five-year concurrent term of imprisonment for these convictions. The parties do not raise any issues regarding the aggravated battery counts. Wallace's aggravated battery convictions are not before us and we do not consider them.

A person may not be convicted of both the inchoate and the principal offense. See 720 ILCS 5/8–5 (West 1992); 
People v. St. Pierre
, 146 Ill. 2d 494, 519 (1992). In the trial court, each defendant was found guilty and sentenced for the inchoate offense of conspiracy to commit aggravated criminal sexual assault as well as the principal offense of aggravated criminal sexual assault. The appellate court vacated the convictions and sentences on the conspiracy counts. The parties do not address the merits of this issue. We affirm the appellate court's finding that the convictions and sentences for conspiracy imposed on Garcia (count 41), Wallace (count 41), and O'Neal (count 41) should be vacated.

The trial judge sentenced Garcia on one count of aggravated criminal sexual assault based on his accountability for Walter's penetration of S.B.'s vagina (count 2). However, the State nol-prossed this count prior to trial. The appellate court vacated the sentence on count 2. The parties do not address the merits of this issue. We affirm the appellate court's finding that Garcia's sentence for aggravated criminal sexual assault based on count 2 should be vacated.

The trial judge found Wallace guilty of one count of armed violence predicated on aggravated battery even though the State had nol-prossed this count prior to trial. The appellate court vacated Wallace's conviction and sentence for armed violence. The parties do not address the merits of this issue. We affirm the appellate court's finding that Wallace's conviction and sentence for armed violence should be vacated (count 44).

Additionally, no evidence was presented at trial demonstrating that Garcia's or O'Neal's penis penetrated S.B.'s mouth. The appellate court found that Wallace's convictions for aggravated criminal sexual assault based on a theory of accountability for Garcia's and O'Neal's penetration of S.B.'s mouth were not supported by the evidence. The appellate court vacated these convictions and their corresponding sentences. The parties do not address the merits of this issue. We affirm the appellate court's finding that Wallace's convictions and sentences for aggravated criminal sexual assault based on the penetration of S.B.'s mouth by Garcia and O'Neal should be vacated (counts 5, 8, 13, 16, 25, 26, 31, 32, 37, 40).

The charge of armed robbery against Wallace was nol-prossed prior to trial (count 43). Notwithstanding this fact, the trial judge found Wallace not guilty of armed robbery. However, the judge found Wallace guilty of eight counts of aggravated criminal sexual assault premised on the aggravating factor that the sexual assault was committed during an armed robbery. The appellate court vacated Wallace's convictions and sentences for aggravated criminal sexual assault premised on armed robbery. See 
Riley
, 219 Ill. App. 3d at 491. The parties do not address the merits of this issue. We affirm the appellate court's finding that Wallace's convictions and corresponding sentences for aggravated criminal sexual assault premised on armed robbery should be vacated (counts 33 through 40).

Furthermore, the parties do not take issue with the proposition that multiple convictions cannot be carved from the same physical act. See 
People v. King
, 66 Ill. 2d 551, 566 (1977). However, Garcia and O'Neal argue that the appellate court erred in its application of the one-act, one-crime rule. They argue that the appellate court improperly determined which of several convictions for aggravated criminal sexual assault should be vacated and which convictions should have sentences entered on them. The State argues that the appellate court correctly determined which convictions should be vacated and which should have sentences entered on them.

When multiple convictions of greater and lesser offenses are obtained for offenses arising from a single act, a sentence should be imposed on the most serious offense and the convictions on the less serious offenses should be vacated. See 
People v. Cardona
, 158 Ill. 2d 403, 411 (1994). However, when multiple convictions for aggravated criminal sexual assault are obtained from a single act of penetration, there is no way to determine the most serious conviction because none of the convictions involve either a more or less culpable mental state. See 
People v. Calva
, 256 Ill. App. 3d 865, 870 (1993). In such cases, reviewing courts have remanded to the trial court for a determination as to which “counts of aggravated criminal sexual assault are retained.” 
Segara
, 126 Ill. 2d at 78; see also 
Calva
, 256 Ill. App. 3d at 870 (following 
Segara
); 
People v. Bell
, 217 Ill. App. 3d 985, 1012 (1991) (following 
Segara
).

We therefore reverse the appellate court's determinations regarding which of Garcia's and O'Neal's convictions for aggravated criminal sexual assault should have sentences entered on them and which should be vacated. On remand, the judge is to determine which of Garcia's convictions for aggravated criminal sexual assault are to have sentences entered on them for his penetration of S.B.'s vagina (count 1, 9, or 17) and for his accountability for Wallace's penetration of S.B.'s vagina (count 11 or 21). The judge is also to determine which of O'Neal's convictions for aggravated criminal sexual assault are to have sentences entered on them for his accountability for Garcia's penetration of S.B.'s vagina (count 9 or 17) and his accountability for Wallace's penetration of S.B.'s vagina (count 3, 11, or 21). The sentences imposed on Garcia's and O'Neal's redundant convictions should be vacated.

We note that neither Wallace nor the State take issue with the application of the one-act, one-crime rule in Wallace's case. In the appellate court, the court noted that Wallace and the State concurred that convictions on counts 1, 2, 3, 4, 6, and 7 should remain while the other 18 counts (counts 9, 10, 11, 12, 14, 15, 17 through 24, and 27 through 30) were to be vacated. Given Wallace's and the State's concurrence, and the fact that neither party addresses this point on the merits, we affirm the appellate court's finding as to Wallace.

Garcia's two convictions for aggravated criminal sexual assault, Wallace's six convictions for aggravated criminal sexual assault, and O'Neal's five convictions for aggravated criminal sexual assault trigger the consecutive sentencing provision of section 5–8–4(a). See 730 ILCS 5/5–8–4(a) (West 1992). Defendants do not dispute that section 5–8–4(a) requires this result. Accordingly, on remand, once the trial judge has determined which of defendants' convictions for aggravated criminal sexual assault shall have sentences entered on them, the judge is directed to enter consecutive sentences on these convictions in conformity with section 5–8–4(a).

The remaining issues arise from the imposition of consecutive sentences on remand. In remanding, the appellate court “allow[ed] the circuit court, in its discretion, either to increase the total sentence [imposed on a defendant] or to impose a total sentence equal to the total of the vacated sentences.” 281 Ill. App. 3d at 615. Defendants argue that the appellate court's remand instructions violate: (1) Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)) which describes the powers of a reviewing court; (2) section 5–8–1(c) of the Unified Code of Corrections which governs a defendant's motion to reduce a sentence; (3) the statute on resentencing (730 ILCS 5/5–5–4 (West 1992)); and (4) defendants' federal due process rights.

In this appeal, however, we need not reach these issues. Because the concurrent sentences imposed on various counts were imposed in some instances in violation of section 5–8–4(a) requiring consecutive sentences, those sentences are void. 
Arna
, 168 Ill. 2d at 112-13. The sentences to be imposed on those counts on remand, therefore, will not be greater than, less, or equal to defendants' original sentences. See 
People v. Roth, Inc.
, 412 Ill. 446, 450 (1952) (“a void decree has no legal effect”); 
Arna
, 168 Ill. 2d at 113 (because order imposing concurrent terms was void, appellate court not prohibited from increasing defendant's sentence on review). Thus, defendants' resentencing arguments based on Rule 615(b), section 5–8–1(c) of the Unified Code of Corrections, and the statute on resentencing are inapplicable because they are premised on the erroneous assumption that there is a valid sentence to increase.

Defendants also argue that an increased sentence on remand would violate their federal due process rights. Defendants rely on the prophylactic rule announced in 
North Carolina v. Pearce
, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), designed to protect a defendant on retrial from the potential vindictiveness of a resentencing judge. 
Pearce
 held that if an increased sentence is imposed following a retrial, reasons for the increased sentence must appear on the record and be based on objective information regarding the defendant's conduct subsequent to the imposition of the original sentence. 
Pearce
, 395 U.S. at 726, 23 L. Ed. 2d at 670, 89 S. Ct. at 2081.

However, the Supreme Court has explained that “[w]hile the 
Pearce
 opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness `do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial.' ” 
Alabama v. Smith
, 490 U.S. 794, 799, 104 L. Ed. 2d 865, 872, 109 S. Ct. 2201, 2204 (1989) (second alteration in original), quoting 
Texas v. McCullough
, 475 U.S. 134, 138, 89 L. Ed. 2d 104, 110, 106 S. Ct. 976, 978 (1986). Thus, the Supreme Court has stated that “vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial.” 
McCullough
, 475 U.S. at 138, 89 L. Ed. 2d at 110, 106 S. Ct. at 978.

Defendants argue that the imposition of an increased sentence on remand would violate 
Pearce
's prophylactic rule. We do not agree. The Supreme Court has stated that 
Pearce
's prophylactic rule has been limited in its application to circumstances in which there is a reasonable likelihood that an increase in sentence is the product of actual judicial vindictiveness. See 
Smith
, 490 U.S. at 799, 104 L. Ed. 2d at 872-73, 109 S. Ct. at 2204-05. “Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.” 
Smith
, 490 U.S. at 799, 104 L. Ed. 2d at 873, 109 S. Ct. at 2205.

We believe that the correction of a void sentence under 
Arna
 fails to present circumstances in which there is a reasonable likelihood that a sentence imposed on remand will be the product of judicial vindictiveness against a defendant. As a general rule, defendants will not be raising 
Arna
 errors. Instead, the State and reviewing courts will be the parties pointing to a trial judge's error. Thus, it is not a defendant who runs the risk of inciting the potential for judicial vindictiveness.

Of course, as the Supreme Court has noted, “Where the prophylactic rule of 
Pearce
 does not apply, the defendant may still obtain relief if he can show actual vindictiveness ***.” 
McCullough
, 475 U.S. at 138, 89 L. Ed. 2d at 111, 106 S. Ct. at 979.

CONCLUSION

Based on the foregoing, the appellate court judgment is affirmed in part and reversed in part. The circuit court judgment is affirmed in part and reversed in part. These causes (Nos. 81246, 81248, 81274) are remanded to the circuit court. The circuit court is directed to determine which of defendants' convictions should have sentences entered on them in conformity with this opinion. Those convictions upon which no sentences are entered should be vacated. The circuit court is directed to sentence defendants consistent with this opinion and section 5–8–4(a) of the Unified Code of Corrections (730 ILCS 5/5–8–4(a) (West 1992)).

Nos. 81246, 81248, and 81274–

Appellate court judgment affirmed in part

and reversed in part;

circuit court judgment affirmed in part

and reversed in part;

causes remanded.

JUSTICE NICKELS, dissenting:

This appeal raises the question of whether the circuit court may impose consecutive sentences on remand where the circuit court initially imposed concurrent sentences on certain offenses. The majority holds that the initial sentences were “void” and therefore the circuit court may impose consecutive sentences. This holding allows the circuit court to lengthen the aggregate sentence for each defendant. Because this holding, in effect, penalizes defendants for appealing their sentences, I dissent.

In reaching its conclusion, the majority relies heavily on 
People v. Arna
, 168 Ill. 2d 107 (1995). In 
Arna
, the defendant was convicted of two counts of attempted first degree murder. He was sentenced to concurrent terms of 30 and 45 years in prison, as opposed to consecutive terms. This court held that the circuit court erred in sentencing and that consecutive sentences were required. Although the State was not entitled to appeal the sentencing issue, this court found that the issue was reviewable. In justifying this action, the 
Arna
 majority reasoned that “[a] sentence which does not conform to a statutory requirement is void” and is therefore reviewable at any time. 
Arna
, 168 Ill. 2d at 113.

I dissented in 
Arna
 and I still believe 
Arna
 was wrongly decided. See 
Arna
, 168 Ill. 2d at 115-17 (Nickels, J., dissenting). Supreme Court Rule 604(a) is specific in providing when the State may appeal in criminal cases. It does not allow the State to appeal sentencing issues. See 145 Ill. 2d R. 604(a). In the majority's discussion, the majority notes that “the State and reviewing courts will be the parties pointing to a trial judge's error.” Slip op. at 16. Because the State may not appeal sentencing issues, it is also prohibited on a defendant's appeal from “pointing to” sentencing errors made in the circuit court. In addition, Rule 615(b) sets forth the powers of a reviewing court. It does not give a reviewing court the power to increase a sentence on appeal. See 134 Ill. 2d R. 615(b). In the instant case, the majority essentially authorizes an increase in defendants' aggregate sentences.

In addition to requiring consecutive sentences on remand, the majority finds that, because the original sentences imposed on the various counts were void, the sentences imposed on remand “will not be greater than, less, or equal to defendants' original sentences.” Slip op. at 15. The majority apparently holds that the circuit court may impose a longer sentence for each 
individual
 offense. This is simply incorrect. Section 5–5–4 of the Unified Code of Corrections provides:

“Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing.” 730 ILCS 5/5–5–4 (West 1992).

This statute places a limitation on resentencing. The statute applies to the instant case because defendants' sentences have been “set aside” on appeal. Pursuant to the statute, a more severe sentence can be imposed for each individual offense only if it is based on conduct that occurs after sentencing.

In their briefs, defendants argue against the imposition of more severe sentences on remand. They rely extensively on 
People v. Kilpatrick
, 167 Ill. 2d 439 (1995), and 
People v. Jones
, 168 Ill. 2d 367 (1995), two recent cases from this court. Although these cases were discussed in the appellate court and raised in the briefs to this court, the majority ignores them.

In 
Kilpatrick
, the circuit court imposed consecutive sentences of six and nine years for two offenses. On reconsideration, the circuit court determined that consecutive sentences were not appropriate under the sentencing statute and vacated the consecutive sentences. It then imposed longer terms of 15 years for each offense, to be served concurrently. In 
Kilpatrick
, this court held that this action resulted in an impermissible increase in sentencing because section 5–8–1(c) of the Unified Code of Corrections (730 ILCS 5/5–8–1(c) (West 1992)) prohibited the circuit court from increasing a sentence after it was imposed. Thus, on reconsideration, the circuit court could not impose a more severe sentence for each individual offense. This court employed the same reasoning in 
Jones
, 168 Ill. 2d 367.

In 
Kilpatrick
 and 
Jones
, this court found that section 5–8–1(c) limited the circuit court's discretion in resentencing after the defendants filed motions to reconsider in the circuit court. Similarly, in the instant case, section 5–5–4 limits the circuit court's discretion in resentencing where a reviewing court has set aside the original sentences on appeal. It is inconsistent to hold that a sentence cannot be increased after a motion to reconsider the sentence but may be increased on resentencing following an appeal. Given these similar statutory prohibitions and given the reasoning of 
Kilpatrick
 and 
Jones
, the circuit court cannot impose a more severe sentence on each individual offense.

The majority fails to address the foregoing statutes and case law. According to the majority, because the original sentences were “void,” there are no limitations on the circuit court on remand. The majority holds that the circuit court is free to impose any sentence for each individual offense, even if it is greater than the original sentence.

I believe that there is a fundamental inconsistency between 
Arna
, which the majority relies on in the instant case, and 
Kilpatrick
 and 
Jones
. Under the majority's reasoning, the defendants' original sentences in 
Kilpatrick
 and 
Jones
 would have been just as void as those involved here because there was no statutory authorization for the original sentences. Under this reasoning, any time a trial judge does not correctly follow a sentencing statute and makes an erroneous decision, the sentence is void. In effect, this reasoning eliminates many of the statutory protections and rules that safeguard defendants on resentencing. Such a result raises grave due process concerns.

In my view, the best solution is to recognize that 
Arna
 was wrongly decided and to overrule it. In the instant case, the circuit court may have applied the sentencing statute incorrectly, but this error does not make its determination “void.” Sentences were imposed for each defendant. They appealed their convictions and sentences and were partially successful in their appeals. On remand, however, they may suffer the consequences of longer sentences as a result of pursuing their right to appeal.

Given such consequences, defendants in future cases will face a difficult choice. They may choose to appeal in the belief that they have meritorious legal arguments requiring reversal. It may be wiser, however, to forgo an appeal because defendants will subject themselves to the risk of increased punishment by appealing. Certainly, such a scenario will have a chilling effect on every defendant's right to appeal and clearly flies in the face of Rule 615(b) and section 5–5–4 of the Unified Code of Corrections. Defendants should not be required to make such a choice. For the foregoing reasons, I dissent.

JUSTICES HARRISON and McMORROW join in this dissent.