No. 3--06--0346

Filed November 9, 2007.

# IN THE APPELLATE COURT OF ILLINOIS

## THIRD DISTRICT

## A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court for the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | No.   03-CF-509 |
| MAURICE A. ARTIS, | ) ) | Honorable Daniel J. Rozak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Defendant Maurice A. Artis entered a plea of guilty to two counts of aggravated criminal sexual assault (720 ILCS 5/12-14 (West 2006)), one count of home invasion (720 ILCS 5/12-11(a)(2) (West 2006)), one count of residential burglary (720 ILCS 5/19-3(a) (West 2006)), and one count of unlawful restraint (720 ILCS 5/10-3(a) (West 2006)).  Defendant was sentenced to concurrent terms of 20 years on the aggravated criminal sexual assault charges, and those sentences were ordered to be served consecutively to concurrent terms of 15 years for home invasion, 12 years for residential burglary, and 6 years for unlawful restraint. Defendant has appealed, contending that one of his convictions for aggravated criminal sexual assault should be vacated on one-act, one-crime principles and, further, that if this court were to vacate the conviction, his conviction for home

1

invasion should also be vacated because it is a lesser included offense of the aggravated criminal sexual assault. Defendant also appeals his six-year extended-term sentence imposed on him for the unlawful restraint charge. We affirm defendant's convictions for aggravated criminal sexual assault based on the home invasion, unlawful restraint, and residential burglary, but we vacate the defendant's convictions on the aggravated criminal sexual assault based on the residential burglary, the separate home invasion count, and also vacate the extended-term sentence imposed on the unlawful restraint count.

FACTS

Defendant was charged on April 30, 2003, with five felonies in a five-count indictment arising out of an incident that occurred on or about April 1, 2003. The individual counts read as follows.

Count I: "Aggravated criminal sexual assault (Class X Felony) in that said defendant, during the commission of a residential burglary, knowingly committed a criminal sexual assault, in violation of the Illinois Compiled Statutes, Chapter 720, Section 5/12-13, against [A.W.], in that by the use of force, the defendant penetrated [A.W.]'s vagina with his penis, in violation of Chapter 720, Section 5/12-14(a)(4), of the Illinois Compiled Statutes, 2003, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

Count II: "Aggravated criminal sexual assault (Class X Felony) in that said defendant, during the commission of a home invasion, knowingly committed a criminal sexual assault, in violation of the Illinois Compiled Statutes, Chapter 720, Section 5/12-13, against [A.W.], in that by the use of force, the defendant penetrated [A.W.]'s vagina with his penis, in violation of Chapter 720, Section 5/12-14(a)(4), of the Illinois Compiled Statutes, 2003, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

2

Count III: "Home invasion (Class X Felony) in that said defendant, not a peace officer acting in the line of duty, knowingly and without authority, entered and remained in the dwelling of [A.W.], located at [residence address redacted], Will County, Illinois, until he knew that one or more persons were present and intentionally caused injury to [A.W.], in that he penetrated [A.W.]'s vagina with his penis, in violation of Chapter 720, Section 5/12-11(a)(2), of the Illinois Compiled Statutes, 2003, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

Count IV: Residential burglary (Class 1 Felony) in that said defendant knowingly and without authority entered into the dwelling place of [A.W.], located at [residence address redacted], Will County, Illinois, with the intent to commit therein a theft, in violation of Chapter 720, Section 5/19-3(a), of the Illinois Compiled Statutes, 2003, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

Count V: "Unlawful restraint (Class 4 Felony) in that said defendant knowingly and without legal authority detained [A.W.], in that he bound her hands with a belt and forced her to lay face down on her bed, in violation of Chapter 720, Section 5/10-3(a), of the Illinois Compiled Statutes, 2003, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

Defendant entered a blind plea of guilty to all counts on September 3, 2003. After the plea was entered the assistant State's Attorney provided a factual basis for the plea: Around 5:30 am on April 1, 2003, the victim, A.W., was asleep in her home when she was awakened by the sound of glass breaking in her kitchen. When she went downstairs to investigate, she found defendant had broken into her home. Upon A.W. confronting defendant, he demanded $100, which she gave him. Defendant forced the victim into her bedroom, stating the $100 was not enough, and then sexually

assaulted her by penetrating her vagina with his penis. Defendant's semen was recovered from the bed and the victim's vaginal swab. After the assault, defendant tied the victim to a chair with a belt, but she was able to free her hands and call 9-1-1. The sheriff's department responded and forced their way into the home, where they found the victim still tied to the chair. She provided the police with a composite sketch of her attacker. An officer who had a prior experience with defendant identified the subject in the composite sketch as defendant. A.W. later picked defendant out of a photo lineup.

Defendant was sentenced on November 24, 2003, to concurrent terms of 20 years on the aggravated criminal sexual assault charges, to be served consecutively to concurrent terms of 15 years on the home invasion charge, 12 years on the residential burglary charge, and an extended-term sentence of 6 years on the unlawful restraint charge. This appeal follows.

ANALYSIS

On appeal, defendant first contends that his conviction for the aggravated criminal sexual assault during the residential burglary should be vacated. In support of this contention, he argues that it is based on the same act of penetration as his conviction for aggravated criminal sexual assault during a home invasion, and thus, since residential burglary is a less serious crime than home invasion, it should be the conviction vacated based on the one-act, one-crime principle. Further, defendant argues that the separate home invasion count should then be vacated, as home invasion is a lesser included offense of the charge of aggravated criminal sexual assault during a home invasion. In response, the State concedes that one of the aggravated criminal sexual assault charges should be vacated based on one-act, one-crime, but contends the residential burglary-based charge should be vacated, not the home invasion-based charge. In support of this contention, the State argues that it

4

can elect which charge should be vacated based on prosecutorial discretion.

Appellate courts reviewing whether multiple convictions violate the one-act, one-crime rule use the de novo standard of review. People v. Dryden, 363 Ill.App.3d 447, 453, 844 N.E.2d 456, 461 (2006).

It is well settled in Illinois law that multiple convictions cannot be sustained when the offenses charged have been carved out of one physical act. People v. King, 66 Ill.2d 551, 566, 363 N.E.2d 838, 844 (1977).

In People v. Garcia, 179 Ill.2d 55, 688 N.E.2d 57(1997), multiple defendants were convicted for multiple counts of aggravated criminal sexual assault during a gang-rape of one victim. Two of the defendants, Garcia and O'Neal, were convicted of multiple counts of aggravated criminal sexual assault resulting from their own penetration of the victim and their responsibility for others' penetration of the victim. Garcia, 179 Ill.2d at 71, 688 N.E.2d at 64. The court stated: "When multiple convictions of greater and lesser offenses are obtained for offenses arising from a single act, a sentence should be imposed on the most serious offense and the convictions on the less serious offense should be vacated." People v .Garcia, 179 Ill.2d 55, 71, 688 N.E.2d 57, 64 (1997). However, the court held that "when multiple convictions for aggravated criminal sexual assault are obtained from a single act of penetration, there is no way to determine the most serious conviction because none of the convictions involve either a more or less culpable mental state." Garcia, 179 Ill.2d at 71, 688 N.E.2d at 65. The court continued that "[i]n such cases, reviewing courts have remanded to the trial court for a determination as to which 'counts of aggravated criminal sexual assault are retained.'" Garcia, 179 Ill.2d at 71, 688 N.E.2d at 65. The supreme court remanded the cause to the trial court to determine which of Garcia's and O'Neal's convictions for aggravated

criminal sexual assault relating to their own penetration and responsibility for others' penetration of the victim should be vacated. Garcia, 179 Ill.2d at 72, 688 N.E.2d at 65.

The First District Appellate Court was faced with a similar, yet slightly different situation in People v. Daniels, 331 Ill.App.3d 380, 770 N.E.2d 1143 (2002). In Daniels, the defendant was convicted of two counts of aggravated criminal sexual assault after he struck the victim on the head with a gun, followed the victim into the bathroom, repeatedly hit the victim's head, and forced victim to perform oral sex on him. Daniels, 331 Ill.App.3d at 382, 770 N.E.2d at 1146. One count of the aggravated criminal sexual assault was based on display of a dangerous weapon and the other count was based on causing serious bodily harm. Daniels, 331 Ill.App.3d at 386, 770 N.E.2d at 1149. The court found the situation different from that presented to the supreme court in Garcia, because whereas in Garcia none of convictions contained a more culpable mental state, in Daniels, bodily harm required a more culpable mental state than display of a dangerous weapon. Daniels, 331 Ill.App.3d at 386, 770 N.E.2d at 1149. The court also cited to People v. Olsen, 161 Ill.App.3d 945, 950, 514 N.E.2d 233, 237 (1987), where our court concluded that, in deciding between two convictions for aggravated criminal sexual assault predicated on one act of sexual penetration, the court would vacate the conviction that had as its aggravating factor the display of a dangerous weapon, which was "somewhat less serious" than the conviction based on bodily harm to the victim. The court therefore vacated the defendant's conviction and sentence for aggravated criminal sexual assault based on the display of a dangerous weapon. Daniels, 331 Ill.App.3d at 387, 770 N.E.2d at 1150.

We find the factual circumstances of the instant case more congruent to the situation and analysis presented in Daniels as opposed to Garcia. Here, defendant was convicted of two counts of aggravated criminal sexual assault arising from the same physical act. In a sense, the legislature

6

has already made the determination as to which felony is more serious. One count was based on home invasion, a Class X felony, and the other count was based on residential burglary, a Class 1 felony. Applying the analysis from Daniels, home invasion requires a more culpable mental state and is a more serious crime than residential burglary. Home invasion is a higher class of felony and carries with it a longer possible prison sentence. Further, a home invasion requires that a person enter the home of another that he knows to be occupied and either (1) use force or threaten force with a dangerous weapon, or (2) cause injury to those inside the residence. See 720 ILCS 5/12-11 (West 2006). Residential burglary merely requires that a person enter the dwelling of another, without authorization, with the intent of committing a theft therein. See 720 ILCS 5/19-3 (West 2006). Clearly, home invasion is a more serious crime than residential burglary. Therefore, we vacate defendant's conviction for aggravated criminal sexual assault during the residential burglary.

We are using in this case the traditional rule that when multiple charges arising out of the same physical act fall into the one-act, one-crime principle, the less serious charge is vacated. We are mindful of the prosecutorial discretion issue raised by the State, wherein the State may elect which charge should be vacated. The State, in its brief, relies on People v. McColler, 363 Ill.App.3d 81, 842 N.E.2d 193 (2005), for the proposition that it may elect which multiple charge to vacate under the one-act, one-crime principle. McColler, in turn, relies upon People v. Eubanks, 279 Ill.App.3d 949, 665 N.E.2d 464 (1996), and Eubanks relies upon People v. Holman, 103 Ill.2d 133, 469 N.E.2d 119 (1984). Holman, however, concerned the court remanding the matter for sentencing to the trial court to present evidence in a possible death penalty case, and our supreme court wanted the State to be able to elect which convictions should be maintained. Holman, 103 Ill.2d at 159, 469 N.E.2d at 131-32. Eubanks contained no discussion of whether the vacated conviction was the more serious

7

charge. Eubanks, 279 Ill.App.3d at 963, 665 N.E.2d at 474. Likewise, in McColler, the court cited Eubanks for the authority of the State to elect which conviction to vacate, yet noted that "generally, when multiple convictions are obtained for offenses arising from a single act, sentence is imposed on the most serious offense" and then went on to discuss Daniels and concluded that the conviction it was vacating was the more serious charge. McColler, 363 Ill.App.3d at 91-92, 842 N.E.2d at 201-02. In this case we are presented with a situation not present in the cases cited by the State, namely, whether the State has prosecutorial discretion to elect to vacate the *more* serious charge, and let the less serious charge stand. When viewed under the existing case law, we conclude that the State does not have such discretion in this case or based on this charging instrument.

Next, defendant argues that if the conviction for criminal sexual assault during the residential burglary is vacated, leaving standing only his conviction for aggravated criminal sexual assault during the home invasion, his conviction for home invasion must also be vacated as a lesser included offense of the surviving sexual assault charge.

In the one-act, one-crime analysis, once the court has determined that the defendant committed multiple acts, the court then moves to determine whether any of the offenses are lesser included offenses, and if there are lesser included offenses upon which the defendant has been convicted, those convictions are improper. People v. Rodriguez, 169 Ill.2d 183, 186, 661 N.E.2d 305, 306-07 (1996). A lesser included offense is defined as an offense which "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2-9(a) ( West 2006). Recognizing that this definition does not provide much guidance, our supreme court has addressed what factors should be considered when deciding whether an offense is a lesser included offense.

8

People v. Kolton, 219 Ill.2d 353, 360, 848 N.E.2d 950, 954 (2006). Our supreme court has adopted what it calls the "charging instrument approach" to determining whether an offense is a lesser included offense of an offense charged. Kolton, 219 Ill.2d at 361, 848 N.E.2d at 954. Under the charging instrument approach, whether an offense is a lesser included offense is a decision that needs to be made on a case-by-case basis using the factual description of the charged offense in the indictment. Kolton, 219 Ill.2d at 367, 848 N.E.2d at 958. "A lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not set forth in the indictment can reasonably be inferred." Kolton, 219 Ill.2d at 367, 848 N.E.2d at 958.

Utilizing the charging instrument approach in the instant case, the home invasion count is a lesser included offense of the aggravated criminal sexual assault count. Count II of the indictment describes the sexual assault as having taken place during a "home invasion." The home invasion is requisite for the sexual assault to be considered an aggravated criminal sexual assault, as the statute in question requires the sexual assault to be "perpetrated during the course of the commission or attempted commission of any other felony by the accused." 720 ILCS 5/12-14(a)(4) (West 2006). Therefore, home invasion (count III) is a lesser included offense of the aggravated criminal sexual assault during a home invasion (count II) and as such must be vacated.

Defendant next argues, and the State concedes, that the trial court had no authority to impose an extended-term sentence on the unlawful restraint charge and that he is entitled to have the sentence on that charge reduced to three years' imprisonment, the maximum nonextended-term sentence available for a Class 4 felony. See People v. Bell, 196 Ill.2d 343, 350, 751 N.E.2d 1143, 1146-47 (2001) (when a defendant is convicted of multiple offenses arising from a related course of conduct,

9

an extended-term sentence may only be imposed on those offenses that are within the most serious class); 730 ILCS 5/5-8-1(a)(7) (West 2006) (maximum nonextended-term sentence for a Class 4 felony is three years' imprisonment). Accordingly, we reduce defendant's sentence on the unlawful restraint charge to three years' imprisonment.

We hold that defendant's conviction and sentence for the aggravated criminal sexual assault during the residential burglary (count I) is vacated under one-act, one-crime principles. As a result, defendant's conviction and sentence for home invasion (count III) are also vacated as home invasion is a lesser included offense of aggravated criminal sexual assault during a home invasion (count II). This holding is in conformity with the principles set out in King and Garcia. Further, the trial court improperly imposed an extended-term sentence on the unlawful restraint charge (count V) and defendant's sentence on that charge is reduced to three years, the maximum nonextended-term sentence for a Class 4 felony. We remand the to the trial court to amend defendant's sentencing order accordingly.

Affirmed in part, and vacated and remanded in part.

MCDADE and WRIGHT, J. J. concurring.