# Illinois Official Reports

## Appellate Court

---

### *People v. Hayes*, 2015 IL App (2d) 141211

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY C. HAYES, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-1211 |
| Filed<br>Rehearing denied | October 21, 2015<br>December 7, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 93-CF-1354; the Hon. Victoria A. Rossetti, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Larry C. Hayes, of Dixon, appellant *pro se*.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion. |
|---|---|
| | Justices McLaren and Zenoff concurred in the judgment and opinion. |

## OPINION

¶ 1 Defendant, Larry C. Hayes, appeals after the trial court granted in part and denied in part the relief he sought in a petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)) and denied his ensuing motion to reconsider. He asserts that the court erred in failing to recognize that an error in the sentence–a fine imposed of less than the amount mandated by section 10 of the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10 (West 1992))–rendered his *entire* sentence void. The State argues that the sentence was void only to the extent that it failed to comply with the Act; it further asserts that the Act requires that defendant receive a fine of $130,000. We agree with the State on both points. We thus affirm the court's ruling and impose a fine of $130,000.

¶ 2                                 I. BACKGROUND

¶ 3 On July 14, 1993, a grand jury indicted defendant on one count of unlawful possession with intent to deliver 900 grams or more of a substance containing cocaine (720 ILCS 570/401(a)(2)(D) (West 1992)) and one count of unlawful possession of 900 grams or more of a substance containing cocaine (720 ILCS 570/402(a)(2)(D) (West 1992)). A jury convicted defendant on both counts, and the court sentenced him to 55 years' imprisonment on the possession-with-intent-to-deliver count. The court further imposed a street-value fine of $1.3 million, the sole fine or fee that it imposed. On March 20, 1995, we affirmed the conviction. *People v. Hayes*, No. 2-94-0288 (1995) (unpublished order under Supreme Court Rule 23).

¶ 4 Defendant then filed a series of petitions collaterally attacking his conviction. He filed the most recent of these, a petition under section 2-1401 of the Code, on August 15, 2014. In his most recent filing, defendant asserted that his sentence was void because *the court* had failed to impose the fine mandated by section 10 of the Act, which defendant stated should have been $25. He noted that a fine appeared in the court's records, having apparently been added by the clerk. Defendant argued that the clerk lacked power to impose any fine, so that the fine was not actually part of his sentence. Thus, he argued, because his sentence, viewed properly, lacked a mandatory portion, it was void.

¶ 5 On September 25, 2014, the court entered a written ruling that denied defendant all relief except for vacating the fine imposed by the clerk. The court noted that the record implied that the clerk had assessed a fine of $20 for "VICTIMS, CRIM ASSIST." Since the record gave no sign that the court imposed the fine, the court concluded that the clerk must have added it. Citing *People v. Evangelista*, 393 Ill. App. 3d 395, 401 (2009), the court ruled that imposing a fine was outside the clerk's authority. Further, the Act required that the fine be $130,000. However, the void fine had no effect on the validity or finality of the properly imposed portions of defendant's sentence. Because it concluded that the absence of the required fine did not invalidate the other portions of defendant's sentence, the court declined to impose the fine.

¶ 6        On October 22, 2014, defendant filed a "Motion for Reduction of Sentence or in alternative Motion for Rehearing."[1] He asserted that, because his sentence lacked the fine mandated by the Act, it continued to be void, incomplete, and nonfinal. He argued that, given the lack of a final order, he could properly move for reconsideration of his entire sentence. The court denied the motion on October 29, 2014. Defendant timely appealed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant again contends that his sentence is void and that, as a result, no final judgment exists in his criminal case. He asserts that he is thus entitled to not only the mandated sentence but also a new sentencing hearing. He concedes that, based on the $1.3 million street-value fine, the fine under the Act would necessarily be $130,000. The State responds that the court's only error was in failing to impose the fine mandated by the Act; it asks us to correct that omission.

¶ 9        We hold that defendant's sentence is void only to the extent that the court failed to impose the mandatory fine under the Act and that thus no new sentencing hearing is required. The finality of the other portions of his sentence, specifically including his term of imprisonment, is not affected by the defect of the missing fine. Additionally, we hold that this court has jurisdiction and the duty to correct defendant's sentence by imposing the missing fine.

¶ 10       Initially, we note that we have jurisdiction of this appeal under Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010):

          "The following judgments and orders are appealable without the finding [of immediate appealability] required for appeals under paragraph (a) of this rule:

                                    * * *

          (3) A judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure."

The court granted relief, vacating the fine that the clerk had improperly imposed, but denied defendant the new sentencing hearing he sought.

¶ 11       We further note that defendant's filing of a section 2-1401 petition vested the trial court with jurisdiction to modify defendant's sentence. A party may properly challenge a void order "at any time or in any court, either directly or collaterally" (*People v. Thompson*, 209 Ill. 2d 19, 25 (2004)), provided that the matter has been brought before the court in a way that gives it jurisdiction (*People v. Flowers*, 208 Ill. 2d 291, 307 (2003)). A section 2-1401 petition, such as that which defendant filed, is a proper means for challenging an order as void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). Thus, defendant's petition allowed the court to modify his sentence. Similarly, defendant's appeal puts his voidness claim properly before this court.

¶ 12       Defendant's argument on appeal implies that the trial court, having never imposed a final judgment, never lost jurisdiction to modify the sentence–that the missing part of defendant's sentence leaves all of his sentence open for reconsideration. He suggests that in the absence of a final sentence the passage of years is not a bar to the timely filing of a postsentencing

_____

[1]For jurisdictional purposes, this motion was effectively a motion to reconsider the partial denial of the section 2-1401 petition.

motion under section 5-4.5-50(d) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-4.5-50(d) (West 2014)).

¶ 13     In support of his argument, defendant looks to decisions such as *People v. Garcia*, 179 Ill. 2d 55, 73 (1997). In *Garcia*, the supreme court held that, where the sentence imposed was void for failure to conform to a statutory requirement, the rule against increasing a sentence on resentencing was inapplicable because any attempt to apply that rule would be "premised on the erroneous assumption that there is a valid sentence to increase." *Garcia*, 179 Ill. 2d at 73. Defendant reads *Garcia* as standing for the proposition that the whole of a sentence is void as long as some part of the sentence is void. That is not the law, as we now discuss.

¶ 14     A sentence is void to the extent that it fails to comply with the relevant statutory mandates, but only to that extent. Illinois courts most frequently note this rule as to sentences that exceed a statutory maximum. For instance, in *People v. Brown*, 225 Ill. 2d 188, 205 (2007), the supreme court stated that "while a sentence, or portion thereof, not authorized by statute is void [citation], it is void only to the extent that it exceeds what the law permits" and that the "legally authorized portion of the sentence remains valid." However, our courts recognize the rule as to sentences that have other defects. In *People v. Donelson*, 2013 IL 113603, ¶ 15, the supreme court held that, where a statute required that the defendant's sentences be served consecutively, the "sentences [were] void to the extent they were ordered to be served concurrently." Thus, defendant's sentence here was void only to the extent that the fine under the Act was not the mandated amount and was imposed by the clerk.

¶ 15     The competing proposition, of which defendant is a proponent, is that *no part* of a sentence is valid while a mandatory fine is missing. This proposition strains credulity on even slight consideration. Defendant's position requires us to believe that he and others like him have spent years in prison without any enforceable sentencing order. We do not accept that a person is imprisoned without due authority when, as here, a fine is not validly imposed.

¶ 16     The State asks that we impose the fine of $130,000 mandated by the Act. Defendant replies that, if we do this, either we concede that his sentence was incomplete and nonfinal or, alternatively, we increase his sentence as is barred by section 5-4.5-50(d) of the Code of Corrections (730 ILCS 5/5-4.5-50(d) (West 2014)). We have already concluded that only the defective portion of the sentence is void. Further, as held in *People v. Arna*, 168 Ill. 2d 107, 113 (1995), we have the power to correct an unauthorized sentence without remand and without violating the rule against increasing a sentence on appeal. Moreover, we have the duty to make that correction. *People v. Harper*, 345 Ill. App. 3d 276, 284 (2003). We therefore add the fine.

¶ 17                                    III. CONCLUSION

¶ 18     For the reasons stated, we affirm the court's ruling on defendant's section 2-1401 petition except that we modify his sentence to reflect the $130,000 fine mandated by the Act. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 19     Affirmed as modified.

- 4 -